Leslie Brown, Plaintiff-Appellee, *v.* Chester Shook, Defendant-Appellant.

(No. 70-195;

Second District—April 16, 1971.

Herbolsheimer & Lannon, of La Salle, for appellant.

Fearer & Nye, of Oregon, for appellee.

Mr. JUSTICE SEIDENFELD delivered the opinion of the court:

Plaintiff filed a small claims complaint alleging that his automobile was damaged in a collision with defendant's car on June 2nd, 1969. Defendant filed an answer essentially denying the allegations of the complaint. Thereafter, defendant filed a motion for summary judgment supported by affidavits which set forth that defendant was employed by the City of Rochelle as a police officer at the time of the accident and was then operating the police patrol car for the City; and that the six months notice provided in Ill. Rev. Stat. 1967, ch. 85, par. 8—102 had not been served upon the City.

The trial court took the motion for summary judgment under advisement and thereafter proceeded to trial, continuing to hold the motion under advisement until the close of the hearing. The court then overruled the motion and entered judgment for plaintiff, apparently in the erroneous believe that the provisions of the statute did not apply to property damage claims. Defendant filed a post trial motion and the court, conceding that the statute was applicable nevertheless denied relief, stating his opinion that the notice provision was an affirmative defense relating to the jurisdiction of the court which had not been properly presented by defendant and which had been waived by proceeding to trial on the merits.

■■ Defendant, in this appeal, argues that the notice provision is a condition precedent to recovery which the plaintiff was required to plead and to prove. Plaintiff has conceded that the authorities (*Fannon v. City of Aurora* (1969), 106 Ill.App.2d 408, 410; *Stanley v. Denning* (1970), 264 N.E.2d 521, 524; *Hoffman v. Evans* (1970), 129 Ill.App.2d 439) have so held and principally argues that by the City's procuring of insurance, the insurance carrier thereby waived any defense or immunities allowed to public bodies, the six months notice being one such defense or immunity. Ill. Rev. Stat. 1969, ch. 85, par. 9—103(b).

■■ We dispose of this contention by pointing out that there is nothing in the record to indicate that the City did or did not procure insurance and the argument was not raised in the trial court. Even if the fact of insurance could now be shown this would not support the judgment for the reasons which we have stated in *Schear v. City of Highland Park*

(1968), 104 Ill.App.2d 285, 291—293. See also *Hoffman v. Evans* (1970), 129 Ill.App.2d 439.

We, therefore, reverse the judgment below.

Judgment reversed.

T. MORAN, P. J., and ABRAHAMSON, J., concur.