RONALD BREWER, Plaintiff-Appellee, *v.* ALTON MOORE, Defendant-Appellant.

First District (2nd Division)   No. 77-602

Opinion filed December 26, 1978.

Beverly, Pause, Duffy & O'Malley, of Chicago (Frank J. Pause, Robert O. Duffy, James R. Patterson, and Samuel T. Klaskin, of counsel), for appellant.

Brody, Gore & Fineberg, Ltd., of Chicago (John E. Mack, of counsel), for appellee.

Mr. JUSTICE PERLIN delivered the opinion of the court:

Plaintiff filed an action pursuant to section 24 of the Limitations Act after a previously filed complaint had been dismissed for want of prosecution. (Ill. Rev. Stat. 1975, ch. 83, par. 24a.) Defendant filed a motion to dismiss alleging that the action was not commenced within the limitations period and that the action was barred by the previous dismissal. The trial court denied the motion but certified an appeal under Supreme Court Rule 308 (Ill. Rev. Stat. 1975, ch. 110A, par. 308). This court allowed defendant's application for leave to appeal.

The sole issue on appeal is whether the dismissal of plaintiff's initial complaint acted as a bar to the refiling of a new action pursuant to section 24 of the Limitations Act.

We reverse.

Plaintiff, Ronald Brewer, filed an action on June 11, 1976, against defendant, Alton Moore, to recover for injuries allegedly sustained in an automobile accident on July 2, 1974. On August 17, 1976, defendant filed

an appearance and served interrogatories to be answered by plaintiff. On October 26, 1976, defendant filed a motion to dismiss the action alleging that the interrogatories had not been answered within the time provided by Supreme Court Rule 213 (Ill. Rev. Stat. 1975, ch. 110A, par. 213) and after a demand was made under Supreme Court Rule 201(k) (Ill. Rev. Stat. 1975, ch. 110A, par. 201(k)). The court entered the motion and ordered that the motion be continued until November 30, 1976.

On November 30, 1976, the court continued the motion until December 17, 1976. It appears that plaintiff's counsel was having difficulty in locating plaintiff since plaintiff had moved and that counsel was making continuous efforts to locate plaintiff.

On December 27, 1976, defendant filed a second motion to dismiss because the interrogatories had not been answered. The court entered an order on January 11, 1977, dismissing the cause with prejudice to plaintiff for failure to answer interrogatories and to comply with Supreme Court Rule 201(k). Plaintiff's counsel was not present when the order was entered. Plaintiff filed a motion to vacate the order of January 11, 1977, and to allow a voluntary dismissal by plaintiff or a dismissal for want of prosecution. On February 3, 1977, the court modified its order to read that the cause was dismissed for want of prosecution. Defendant objected to the modification as contrary to the law and evidence, and the court overruled the objections.

On March 16, 1977, plaintiff filed a new action, involving the same parties and same facts as the first action, pursuant to section 24 of the Limitations Act. Defendant filed a motion to dismiss alleging that the action was filed more than two years after the accident occurred, which was beyond the time limited by law. (Ill. Rev. Stat. 1975, ch. 83, par. 15.) Defendant also alleged that the action was barred by dismissal of the first action, contending that the dismissal was involuntary, entered as a sanction for failure to answer interrogatories and was an adjudication upon the merits. The trial court denied defendant's motion to dismiss and certified an appeal under Supreme Court Rule 308. This court allowed defendant's application for leave to appeal.

■■ Section 24 of the Limitations Act provides in pertinent part:

"In the actions specified in this Act or any other act or contract where the time for commencing an action is limited, if * * * the action is dismissed for want of prosecution then, whether or not the time limitation for bringing such action expires during the pendency of such suit, the plaintiff, his heirs, executors or administrators may commence a new action within one year or within the remaining period of limitation, whichever is greater, after * * * the action is dismissed for want of prosecution." (Ill. Rev. Stat. 1975, ch. 83, par. 24a.)

The supreme court has held that section 24 confers an absolute right to refile within one year after a dismissal for want of prosecution. (*Aranda v. Hobart Manufacturing Corp.* (1977), 66 Ill. 2d 616, 363 N.E.2d 796; *Franzese v. Trinko* (1977), 66 Ill. 2d 136, 361 N.E.2d 585; *Kutnick v. Grant* (1976), 65 Ill. 2d 177, 181, 357 N.E.2d 480.) Defendant contends, however, that the action was involuntarily dismissed as a sanction for failure to comply with discovery rules, and that plaintiff is barred from refiling by Supreme Court Rule 273 (Ill. Rev. Stat. 1975, ch. 110A, par. 273) which states:

> "Unless the order of dismissal or a statute of this State otherwise specifies, an involuntary dismissal of an action, * * * operates as an adjudication upon the merits."

The supreme court in *Keilholz v. Chicago & Northwestern Ry. Co.* (1974), 59 Ill. 2d 34, 319 N.E.2d 46, held that the dismissal of an action for failure to comply with discovery is not a dismissal for want of prosecution, but rather it is an involuntary dismissal which bars refiling under section 24. (See also *Heizman v. City of Chicago* (1st Dist. 1974), 23 Ill. App. 3d 835, 320 N.E.2d 121.) In the case at bar the original dismissal order was entered as a sanction under Supreme Court Rule 219 (Ill. Rev. Stat. 1975, ch. 110A, par. 219) for failure to answer interrogatories and comply with court orders. It is obvious from the record that the trial court modified the original dismissal order so as to use the magic words "want of prosecution" and thereby bring the dismissal under the provisions of section 24.

■■ A plaintiff is obligated to comply with the rules of the trial court and to follow his case. (*Esczuk v. Chicago Transit Authority* (1968), 39 Ill. 2d 464, 236 N.E.2d 719.) The plaintiff in the case at bar was the architect of his own troubles. We do not believe that the trial court should have changed the order merely to aid what appears to be an indifferent plaintiff. We find that the initial action was dismissed as a sanction for failure to comply with court orders, and that the dismissal acts as a bar to refiling under section 24. Therefore, we reverse the order of the circuit court of Cook County.

Reversed.

DOWNING and BROWN,[1] JJ., concur.

---

[1] Justice Brown participated in this case during his assignment to the Illinois Appellate Court, First District.