Nancy HARL, d/b/a Public House,
Plaintiff-Appellant,

v.

The CITY OF LA SALLE and Mayor Aloysius A. Gunia, Liquor Commissioner, Defendants-Appellees.

No. 81–1147.

United States Court of Appeals,
Seventh Circuit.

Argued Nov. 10, 1981.

Decided May 24, 1982.

Rehearing and Rehearing En Banc Denied Aug. 19, 1982.

Carl W. Telford, Ltd., LaSalle, Ill., for plaintiff-appellant.

Stephen R. Swofford, Hinshaw, Culbertson, Moelman, Hoban & Fuller, Chicago, Ill., for defendants-appellees.

Before PELL and CUDAHY, Circuit Judges, and GRANT,* Senior District Judge.

CUDAHY, Circuit Judge.

Plaintiff Nancy Harl ("Harl") brought this action under 42 U.S.C. § 1983 (1976) alleging that the defendants violated her rights to due process and equal protection by revoking her liquor license without providing notice or a hearing. The district court, 506 F.Supp. 1067, granted defend-

ants' motion to dismiss, holding that Harl's action here was barred under principles of res judicata because an Illinois state court had dismissed Harl's claims on the merits in an earlier proceeding. We believe the district court misapplied Illinois law governing dismissals and their res judicata consequences and therefore reverse.

### I.

On January 21, 1980, Harl filed a complaint in LaSalle County, Illinois, Circuit Court alleging that the defendants revoked her liquor license in violation of both state law and the United States Constitution. Defendants subsequently moved for a dismissal of the complaint on four grounds: 1) failure to state a cause of action; 2) failure to allege exhaustion of administrative remedies under state law; 3) failure to provide statutory notice to the municipality; and 4) preclusion under the Illinois Tort Immunity Act. On July 10, 1980, the state trial court judge granted the defendants' motion to dismiss. The order entered by the court did not specify the ground or grounds for the dismissal.[1] Moreover, the order expressly allowed Harl until August 15, 1980, to amend the complaint.

Harl did not amend the complaint within the time allowed by the court's order. On September 3, 1980, the trial court *sua sponte* entered an order dismissing Harl's complaint. The text of that handwritten order reads:

> This matter coming on court's own motion and it appearing that an order of dismissal having been entered on July 10, 1980 and plaintiff not having filed additional pleadings within time allowed by that order[,]
>
> It is ordered that the order of July 10, 1980 dismissing said suit is confirmed.[2]

On September 12, 1980, Harl filed this action in federal court. The district court

---

\* The Honorable Robert A. Grant, Senior District Judge for the Northern District of Indiana, is sitting by designation.

1. The handwritten order simply stated, "[d]efendant's motion to dismiss is allowed,

plaintiff given to August 15, 1980 to [a]mend her pleadings." Plaintiff's Brief at A–2.

2. Plaintiff's Brief at A–1.

granted defendants' motion for summary judgment on December 24, 1980, and denied plaintiff's subsequent motion for reconsideration. In granting summary judgment, the court first reasoned that the September 3 order was a final judgment on the merits under Illinois Supreme Court Rule 273, Ill. Rev.Stat. ch. 110A, ¶ 273 (1979), and thus must be given res judicata effect. The court then compared Harl's state court complaint to her federal complaint and concluded that the latter was barred by res judicata since either the federal claims were actually raised in the state court action or these claims could have been raised in the state court action.

## II.

The dispositive issue in this case is whether the order entered by the Illinois trial court on September 3 is a final order on the merits. Under Illinois law, only a final order is res judicata for subsequent litigation. *See People v. Kidd*, 398 Ill. 405, 75 N.E.2d 851 (1947); *Schmitt v. Woods*, 73 Ill.App.3d 498, 29 Ill.Dec. 498, 392 N.E.2d 55 (5th Dist. 1979). Under the Rules of Decision Act, 28 U.S.C. § 1738 (1976), we are bound to give the prior Illinois judgment the same res judicata effect as would be provided by Illinois courts. *See Gilbert v. Braniff International Corp.*, 579 F.2d 411, 413 (7th Cir. 1978). Thus, only if we find that the state court order is a final adjudication on the merits (and treated as res judicata by Illinois courts) would we then proceed to the further steps of determining whether the parties and claims in the first litigation are the same as the parties and claims present here for purposes of res judicata.

The district court held that the September 3 order is a final order on the merits as defined in Illinois Supreme Court Rule 273. That rule provides:

> Unless the order of dismissal *or a statute of this state otherwise specifies*, an involuntary dismissal of an action, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join an indispensable party, operates as an adjudication upon the merits.

Ill.Rev.Stat. ch. 110A, ¶ 273 (1979) (emphasis supplied). The court found that the September 3 order fell neither within any of the three stated exceptions to the rule nor did the order of dismissal "otherwise specif[y]," and thus the order was a final adjudication. But the district court did not fully or correctly consider whether the September 3 order constituted a dismissal for want of prosecution under Illinois law and thus was governed by a "statute . . . [which] otherwise specifies." [3] *See, infra*, note 4.

The statute which we believe "otherwise specifies" is section 24 of the Illinois Limitations Act. That section states, *inter alia*, that if an "action is dismissed *for want of prosecution*, . . . the plaintiff . . . may commence a new action within one year or within the remaining period of limitation, whichever is greater . . . ." Ill.Ann.Stat. ch. 83, ¶ 24a (Smith-Hurd 1981 Supp.) (emphasis supplied). Illinois decisions have squarely held that section 24 is one of the statutes which may "otherwise specif[y]" in the terms of Rule 273. *Kutnick v. Grant*, 65 Ill.2d 177, 2 Ill.Dec. 313, 315, 357 N.E.2d 480, 482 (1976); *O'Reilly v. Gerber*, 95 Ill. App.3d 947, 51 Ill.Dec. 11, 13–14, 420 N.E.2d 425, 427–28 (1st Dist. 1981); *Mages Sports Arenas, Inc. v. Winston Park Shopping Center, Inc.*, 112 Ill.App.2d 409, 251 N.E.2d 334, 336–37 (1st Dist. 1969). Moreover, "it is clear from a perusal of [Illinois] cases that a dismissal for want of prosecution has always been considered not to be an adjudication on the merits, not to prejudice the case of the party against whom it is entered, and

---

**3.** Defendants argue that Harl never raised the dismissal for want of prosecution argument in the court below and thus, is precluded from raising that argument here, citing *Lambert v. Conrad*, 536 F.2d 1183, 1186 (7th Cir. 1976). *Lambert* makes clear, however, that it is within the court's discretion to consider an argument not raised below. We believe that in this case, it is not an abuse of discretion to consider this argument because the Illinois decision we find controlling—*O'Reilly v. Gerber*, 95 Ill.App.3d 947, 51 Ill.Dec. 11, 420 N.E.2d 425 (1st Dist. 1981)—was rendered *after* the district court decision in the instant case.

not to act as a bar to a subsequent suit on the same issues . . . ." *O'Reilly v. Gerber*, 95 Ill.App.3d 947, 51 Ill.Dec. 11, 13, 420 N.E.2d 425, 427 (1st Dist. 1981).[4] Thus, the issue before us ultimately becomes one of whether the September 3 order of dismissal is one "for want of prosecution."

We believe that the only fair interpretation of the September 3 order is that it was a dismissal for want of prosecution. Although the order does not explicitly state that the dismissal is for want of prosecution, we do not find this deficiency conclusive in this case because the order fails to state *any* ground for the dismissal.[5] Moreover, it is undisputed that the trial court entered the September 3 order only *after* Harl did not amend her complaint pursuant to the trial court's July 10 order. In fact, the court's September 3 order clearly stated that its renewed interest in the complaint was specifically prompted by Harl's failure to amend the complaint after almost two months. We think this amounts to a dismissal for lack of prosecution.

Our conclusion in this respect is inescapable under the Illinois Appellate Court's recent decision in *O'Reilly v. Gerber*, 95 Ill.App.3d 947, 51 Ill.Dec. 11, 420 N.E.2d 425 (1st Dist. 1981). In *O'Reilly*, the trial court granted defendant's motion to strike the plaintiff's complaint but allowed plaintiff 28 days to file an amended complaint.

Plaintiff did not file an amended complaint and defendant subsequently gave notice that he would move for a dismissal in 10 days. Several days later, plaintiff gave notice that she would seek a voluntary dismissal of the action on the same day defendant sought a dismissal. The trial court heard both motions on the same day and, notwithstanding that plaintiff could still dismiss her case at this point if she paid costs, the trial court granted the defendant's motion *with prejudice* "because 'the plaintiff has no complaint on file having failed to comply with this court's order of November 22, 1978.'" 51 Ill.Dec. at 12, 420 N.E.2d at 426.

The appellate court held that the trial court correctly refused plaintiff's request for voluntary dismissal since plaintiff refused to tender costs. 51 Ill.Dec. at 12, 420 N.E.2d at 426. But the appellate court held that the trial court incorrectly granted defendant's motion for dismissal with prejudice because the only plausible ground for the dismissal was want of prosecution. And a dismissal for want of prosecution, since it is not a final order, must be without prejudice. The appellate court explained:

> The trial court did not use the words "dismissal for want of prosecution" in its order. However, a suit may be dismissed for want of prosecution for the failure or refusal to file an amended complaint (3

4. Because Rule 273 is modeled after Fed.R. Civ.P. 41(b), the district court mistakenly determined that case authority under the federal rule could be helpful to resolve the question of the res judicata effect of a dismissal for want of prosecution. The res judicata effect of this dismissal is governed by state law, *see* 28 U.S.C. § 1738 (1976), and state law here is clearly inconsistent with federal cases construing the res judicata effect of dismissals for want of prosecution in federal courts. *Cf. Lesser v. Migden*, 328 F.2d 47, 50 (2d Cir. 1964) (court applied New York law under which dismissal for failure to prosecute is not adjudication on merits). Whatever may be the wisdom of the federal rule, *cf.* Restatement Second of Judgments § 19 (1981) (adopting rule of preclusion for want of prosecution dismissals), we are bound to apply Illinois law on this point.

5. The ambiguous order, after first stating that the plaintiff failed to amend her complaint within the time prescribed, concludes by stat-

ing that the previous July 10 order was "confirmed." However, the July 10 order likewise fails to specify which (if any) of the four possible grounds offered by the defendants governed the original dismissal of Harl's complaint. Of the four grounds raised by the defendants, at least two—failure to exhaust and failure to provide notice—would, if they were the basis for the dismissal, constitute a dismissal for lack of jurisdiction and thus fall within one of the other exceptions to Rule 273. *See Luker v. Nelson*, 341 F.Supp. 111, 114–15 (N.D.Ill.1972). Moreover, we are hesitant to interpret the September 3 order as a final order solely because it "confirmed" the previous July 10 dismissal when it is undisputed that the July 10 order was not itself a final order. *Cf. Bradley v. Burrell*, 97 Ill.App.3d 979, 53 Ill.Dec. 602, 424 N.E.2d 15 (1st Dist. 1981) (trial court lacks jurisdiction to modify a final order after thirty days).

Nichols Illinois Civil Practice § 2848), and it seems clear that was what the court was doing here. Thus, it seems equally clear that the dismissal should have been without prejudice.

51 Ill.Dec. at 13, 420 N.E.2d at 427. The *O'Reilly* court's analysis is closely in point to the instant case. In both cases, the trial courts did not use the magic words, "dismissal for want of prosecution." Instead, these courts both noted in their orders that the dismissals were entered only after plaintiff failed to amend pleadings within the time allowed in a previous order. In the absence of a more explicit order,[6] we, like the *O'Reilly* court, have no basis for concluding that the dismissal is for a reason other than want of prosecution. *Cf. Bruer v. Livingston County Board of Zoning Appeals*, 66 Ill.App.3d 938, 23 Ill.Dec. 145, 383 N.E.2d 1016 (4th Dist. 1978) (trial court dismissed action with prejudice after plaintiff failed to amend complaint; held, where plaintiff experienced delay in filing complaint, dismissal should have been for want of prosecution).

*Brainerd v. First Lake County National Bank*, 1 Ill.App.3d 780, 275 N.E.2d 468 (1st Dist. 1971), which was distinguished in *O'Reilly, see*, 51 Ill.Dec. at 14, 420 N.E.2d at 428, does not change our analysis. In *Brainerd*, the trial court dismissed plaintiff's first complaint for failure to state a cause of action but allowed plaintiff additional time to file an amended complaint. Plaintiff did not amend that complaint, and the trial court subsequently dismissed the action for failure to amend. Thereafter, plaintiff unsuccessfully appealed. *Brainerd v. First Lake County National Bank*, 109 Ill.App.2d 251, 248 N.E.2d 542 (1st Dist. 1969). A second suit was then instituted by plaintiff against the same defendant on the same claim. Defendant moved to dismiss under Ill.Rev.Stat. ch. 110, § 48(1)(d), on the grounds that the suit was barred by the previous judgment, and the trial court granted the motion. On appeal, plaintiff contended that the dismissal in the first

case was not a final adjudication on the merits and thus should not bar the second action. The appellate court disagreed, noting that a dismissal of a pleading, *after an election to stand on the pleading*, was a final order and a res judicata bar to subsequent suits, under Rule 273 and under Illinois common law, 275 N.E.2d at 469–70.

■ Defendants here incorrectly assert with respect to the instant case "that a dismissal for failure to file an amended complaint after the original is dismissed constitutes an election on plaintiff's part to stand on his original, stricken complaint." Brief and Argument for Defendants-Appellees at 16. There is nothing to indicate, however, that Harl elected to stand on her complaint after the September 3 order of dismissal. *Brainerd*, on the other hand, suggests that it is not the failure to amend but rather the taking of an appeal or other action challenging the trial court decision that constitutes an election to stand on a stricken complaint. *Cf. People ex rel. Scott v. Carriage Way West, Inc.*, 88 Ill.App.3d 297, 43 Ill.Dec. 384, 387–88, 410 N.E.2d 384, 387–88 (1st Dist. 1980), *rev'd on other grounds*, 88 Ill.2d 300, 58 Ill.Dec. 754, 430 N.E.2d 1005 (1981) (state elected to stand on its complaint by bringing mandamus action after court struck complaint); *Campbell v. Harrison*, 16 Ill.App.3d 570, 306 N.E.2d 643, 644–45 (1st Dist. 1973) (plaintiff elected to stand on dismissed complaint by bringing appeal).

■ Defendants also contend here that the September 3 order of dismissal is a final adjudication on the merits because the order was entered for failure to comply with an order of the trial court. We believe that this contention misconstrues the Illinois cases holding that a dismissal for failure to comply with a court order is given res judicata effect. In *Keilholz v. Chicago & Northwestern Railway Co.*, 59 Ill.2d 34, 319 N.E.2d 46 (1974), for example, plaintiff's case was dismissed, pursuant to the dis-

---

**6.** We agree with the district court in the instant case that no weight is to be accorded the self-serving affidavit of the state trial judge filed by Harl, in which the trial court judge asserts that his September 3 order was entered without prejudice.

covery sanction provisions of Ill.Rev.Stat. ch. 110A, ¶¶ 218 & 219, after plaintiff failed to attend in person a pretrial conference. The Illinois Supreme Court held that a dismissal for failure to obey discovery orders was not a dismissal for want of prosecution under section 24 and thus would be given res judicata effect. *Accord Brewer v. Moore*, 67 Ill.App.3d 487, 24 Ill.Dec. 306, 385 N.E.2d 73 (1st Dist. 1978). The instant case is, therefore, quite distinguishable since the statutory basis for the dismissal in *Keilholz* permits a court to dismiss with prejudice only for a violation of *discovery* orders and not for want of prosecution (through failure to amend the complaint). *See* Ill.Rev.Stat. ch. 110A, ¶¶ 218(d), 219(c) (1979).[7]

### III.

We therefore hold that the September 3 order was a dismissal for want of prosecution and thus is not a res judicata bar to Harl's action in the federal court.

Reversed and Remanded.

PELL, Circuit Judge, dissenting.

In our zeal to assure that every litigant has a day in court on the merits, we, it seems to me, sometimes err by giving more than one day to a case not warranting such attention, the inevitable result of which is that at least another day of time is taken in already overburdened courts whereby the disposition of meritorious cases awaiting attention is further delayed. I think the present case had already had its full measure of time when it was carefully and correctly considered and decided by Judge Aspen. I therefore respectfully dissent.

This appeal is one, in my opinion, which could properly have been disposed of by adopting the excellent memorandum opinion and order of Judge Aspen as the opinion of this court. The majority, however, has not chosen to do so and is sending the case back for what seems rather obvious to me will be a waste of judicial time because of the probable ultimate result being a defense judgment on the merits. Because the case is being sent back, notwithstanding that I think we need to do nothing more than adopt Judge Aspen's opinion, I will address certain aspects of the majority opinion.

As an initial matter, it seems to me that we need not even reach the res judicata issue as it appears that Harl did not raise the issue for-want-of-prosecution argument in the court below and, therefore, should be precluded from raising the argument in this court. The majority opinion attempts to brush aside this contention of the defendants in a footnote on the basis that *Lambert v. Conrad*, 536 F.2d 1183, 1186 (7th Cir. 1976) "makes clear, however, that it is within the court's discretion to consider an argument not raised below." *Lambert*, however, was not talking about the discretion of an appellate court to consider an argument not raised below. In *Lambert* the plaintiff had argued that it was not proper for the defendant to raise the issue of res judicata by a pre-answer motion because it was not one of the defenses enunciated in Fed.R.Civ.P. 12(b). This court held that we might properly disregard this argument because it was raised for the first time on appeal "but it is nevertheless clear that res judicata may be raised by pre-answer motion or at least that it is within the district court's discretion to allow it to be so raised." This court was simply saying that it was within *the district court's discretion* which has no bearing upon the discretion we have when an argument is not brought to the attention of the district court and is first raised on appeal seeking reversal. This is certainly not the situation in which courts have affirmed a district court's opin-

---

7. Defendants' reliance on *Swedien v. Hadley School for the Blind*, 70 Ill.App.3d 466, 27 Ill. Dec. 14, 388 N.E.2d 977 (1st Dist. 1979), and *Shroat v. Robins*, 7 Ill.App.3d 293, 287 N.E.2d 157 (5th Dist. 1972), is also misplaced. The issue in those cases was whether a plaintiff would be allowed to amend a complaint after a dismissal even though the time granted for fil-

ing an amended complaint had expired. In both cases, the courts held that it was a matter of discretion for the trial courts to accept late pleadings, and that a court might dismiss a case rather than accept a late amended complaint. That issue is not present in the instant case as Harl is not attempting to file an amended complaint in the Illinois trial court.

ion for grounds other than those upon which the district court based its opinion. This is a frequent situation [1] but the general rule, as I understand it, is when a litigant fails to raise a theory to a trial court and have the trial court address that theory, the theory is ordinarily deemed waived insofar as raising it on appeal is concerned.[2] This rule might arguably not be applicable in a situation in which the error was constitutionally egregious, but I do not regard the present case as presenting such a situation.

Turning to other aspects of the majority opinion, that opinion rests almost solely on one opinion of an intermediate appellate court of the State of Illinois, *O'Reilly v. Gerber*, 95 Ill.App.3d 947, 51 Ill.Dec. 11, 420 N.E.2d 425 (1981). When the factual situation in *O'Reilly* is compared to the case at bar, *O'Reilly* simply does not support the result the majority reaches. In *O'Reilly*, the initial pertinent action directed to the complaint was to strike it and order it to be made more definite. In the case at bar, the initial action was to dismiss the complaint on the defendant's motion to dismiss. This difference is important and is not merely a matter of words or form. In *O'Reilly*, it is obvious that the plaintiff had trouble articulating a sufficiently specific complaint to withstand a challenge to what in the old common law practice would have been denominated as a motion to make more specific. The motion to strike the complaint was granted and, as stated above, the pleader was ordered to make the complaint more definite and was ordered that the plaintiff should have twenty-eight days to file a third amended complaint.

There was nothing in the nature of the motion to dismiss in the present case, however, similar to a procedural or dilatory motion which was involved in *O'Reilly*. Here in its first ground directed to each count of the complaint the defendants went expressly for the jugular by asserting that plaintiff had failed to allege facts to state a cause of action. In the state court in the present case, the plaintiff filed no memorandum but there was a hearing before the trial judge in which, even though no transcript was made, we can assume, unless the plaintiff is now relying upon incompetence of counsel, that the plaintiff presented reasons responsive to the defendant's motion for denying the granting of the motion. We know from the record in this case that the merits of the case were argued to the federal district court and although they may appear to be of questionable validity, the record demonstrates that plaintiff was aware of what arguments could be made to demonstrate that the complaint set forth facts sufficient to state a cause of action. The district court, of course, did not have to reach the merits because of the conclusion, which I think was justified, that res judicata was applicable.

The majority opinion in a footnote addresses the four grounds of the motion to dismiss and apparently concedes that two of the four grounds pertain to the merits of the litigation. As to one of the other grounds, failure to provide "statutory notice," the footnote opines that this would be a dismissal for lack of jurisdiction, citing *Luker v. Nelson*, 341 F.Supp. 111, 114–15 (N.D.Ill.1972). While it is true that in *Luk-*

1. *Helvering v. Gowran*, 302 U.S. 238, 245, 58 S.Ct. 154, 158, 82 L.Ed. 224 (1937) ("In the review of judicial proceedings the rule is settled that if the decision below is correct, it must be affirmed, although the lower court relied upon a wrong ground or gave a wrong reason.")
*Miller v. Gateway Transportation Co.*, 616 F.2d 272, 275 n.7 (7th Cir. 1980) ("As in other cases, we 'may affirm on any ground that finds support in the record,' *Mims v. Board of Education*, 523 F.2d 711, 716 n.2 (7th Cir. 1975), in appeals from summary judgments.")

2. *Browzin v. Catholic University of America*, 527 F.2d 843 (D.C.Cir.1975). ("Where the plaintiff tries his case on one theory in the District Court, without any indication of other possible theories, he will not ordinarily be heard to press those other theories on appeal." *Id.* at 849 n.10 (This was a rule 41(b) dismissal below)).
*United States v. Home Indemnity Co.*, 489 F.2d 1004 (7th Cir. 1973). ("Although the rule is not absolute, a litigant cannot ordinarily expect to lose in the trial court on one theory and win on appeal under another." *Id.* at 1007 (footnote omitted) (citation omitted) (There was a dismissal of the case below)).

er the district court held that dismissal because of failure to give notice was jurisdictional, however, with due respect to that opinion, it does not agree with the law of Illinois.[3] In *Schear v. City of Highland Park*, 104 Ill.App.2d 285, 244 N.E.2d 72 (1968), Justice Moran, then a member of the Illinois Appellate Court, now on the Illinois Supreme Court, in speaking for the court, stated:

> Failure to comply [with the notice requirement] is a complete bar to the action and we, therefore, regard the requirement as a matter of substance rather than procedure.

*Id.* at 289, 244 N.E.2d at 74. Illinois Appellate Courts have consistently followed this position. In *Stanley v. Denning*, 130 Ill. App.2d 628, 264 N.E.2d 521 (1970), the court again speaking through Justice Moran stated:

> We adhere to our former decision. In *Schear* we found the notice provision to be substantive rather than procedural. This was based upon the fact that the six months' notice required was a condition precedent to the cause of action. As such, it becomes an additional element necessary to be alleged and proved, the same as the other basic elements in the plaintiff's cause of action. Failure to so allege would be failure to state a cause of action. See, *Walters v. City of Ottawa*, 240 Ill. 259, 88 N.E. 651 (1909); also *Hoffman v. Evans*, [129] Ill.App.2d 439, 263 N.E.2d 140 (1970).

*Id.* at 631, 264 N.E.2d at 524. *See also Brown v. Shook*, 132 Ill.App.2d 246, 268 N.E.2d 883 (1971).

The majority opinion footnote also cites *Luker* for the proposition that the failure to exhaust was also jurisdictional. *Luker* does not seem to address that question at all. While it may be arguable whether on the merits exhaustion is required, if it is re-

quired it would also seem to be a bar to the action if there had been no exhaustion.

In *O'Reilly*, as contrasted to the present case, the court made it clear that at no time did the defendant treat the dismissal as one for failure to state a cause of action nor did the defendant at anytime, in its brief to the *O'Reilly* appellate court, deny that the dismissal was for want of prosecution. 51 Ill.Dec. at 14–15, 420 N.E.2d at 428–29.

In the case at bar, every aspect of the motion to dismiss was oriented to the lack of merits or to matters which would be a bar to the action as it was stated in the plaintiff's complaint. The court, granting that motion, dismissed the complaint.

Proceeding now to the order of September 3rd, I find no basis for the majority opinion's expressions that the only fair interpretation of the order is that it was a dismissal for want of prosecution or that it amounted to dismissal for lack of prosecution. First of all, I find no significance in the fact that the dismissal of the "said suit" was sua sponte on the part of the court.[4] Further, the majority opinion seems to me unrealistic in analyzing the September 3rd dismissal of the suit. It is customary and good judicial practice where a cause of action is not stated to afford a litigant another bite at the apple and that is all that the state trial court did here in giving to a specified date the privilege of amending the pleadings. If, for example, the plaintiff had in fact given notice she was to have the privilege of alleging that fact. Instead, the plaintiff let the time go by and did not file a further pleading nor did she make any effort to discover which of the various grounds advanced were the basis of the July 10, 1980, ruling which allowed her more than a month to amend.

The court having waited until two weeks after the specified date for amending then

---

**3.** For the present purposes, I accept the majority opinion that Illinois law controls the question of whether a judgment is final on the merits for res judicata purposes in a later federal court proceeding, notwithstanding some apparent exceptions to that doctrine and some doubt being cast upon the doctrine by commen-

tators, which collateral matter need not be pursued here.

**4.** I do agree with the majority opinion that no weight should be accorded to the self-serving affidavit of the state trial judge filed by Harl.

did on its own motion dismiss the suit. Under these circumstances I fail to see why the plaintiff should be permitted to start over again in another forum. As far as the matter stood before the state trial court, plaintiff had elected to stand on her pleading. I disagree with the majority as to the inapplicability of *Brainerd v. First Lake County National Bank*, 1 Ill.App.3d 780, 275 N.E.2d 468 (1971), and think on the basis of that case alone, the judgment of the district court should be affirmed.