**T.P. CRIGLER, Plaintiff,**

v.

**AXIA INCORPORATED, a Delaware corporation, Dennis Sheehan, individually, Raymond Kulla, individually, Stanley Hillman, individually, Defendants.**

No. 89 C 08711.

United States District Court,
N.D. Illinois, E.D.

April 23, 1990.

---

Francine Schwartz Bober, Chicago, Ill., for plaintiff.

Lenard C. Swanson, Robert T. Grueneberg and Ellen Neely, Wildman Harrold Allen & Dixon, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

The plaintiff, T.P. Crigler, filed this 10–count diversity action on November 22, 1989, alleging various breaches of contract, misrepresentation and fraud. Currently before us is the defendants' motion for summary judgment on the grounds that the action is either barred by res judicata or, in the alternative, that there exists no genuine issue of material fact and that a judgment in their favor is warranted as a matter of law. For the following reasons, we find that Crigler is precluded from bringing this action and grant the motion for summary judgment.

### Background

This case was originally filed in the Circuit Court of DuPage County, Illinois, on January 27, 1986. On June 1, 1988, Crigler filed an amended complaint in state court adding the individual defendants named in this action. After two and a half years of litigation, including what appears to have been fairly extensive discovery, the defendants filed a motion to dismiss Crigler's action on July 29, 1988, solely on the ground that the complaint was insufficient as a matter of law. The state court set a briefing schedule, and a hearing on the motion was scheduled for October 5, 1988. After failing to file any response to the defendants' motion, Crigler's attorney appeared at an October 10, 1988 status conference claiming that she needed additional documents from Axia in order properly to respond to the motion. The state court granted her request for production of the documents and ordered that "following production of documents by defendant, plaintiff is granted 28 days to file a reply brief to defendants' motion for summary judgment."[1] Axia provided the requested documents on October 17, 1988. The plaintiff again failed to file a reply brief within the requisite time, even after being advised of its due date by defense counsel, and after she herself checked the date with the clerk of the court.

On November 28, 1988, fourteen days after Crigler's response was due, the state court held a hearing on the defendants'

---

1. Though the defendants' motion was technically styled a motion to dismiss, it apparently was treated partly as a motion to dismiss insofar as it relied solely on the contention that a given count failed to state a cause of action, and partly as a motion for summary judgment since it involved consideration of facts and evidence adduced during the course of the litigation. It should be noted that Crigler incorporated much of this discovery information as the basis for new factual allegations in his amended complaint. This overlap between fact and allegation . . .

motion to bar the plaintiff from filing a response to the motion to dismiss. Crigler's counsel did not appear at that hearing. Finding that the plaintiff had received due notice both of the filing date and of the hearing, the court then granted the defendants' motion to bar any response by the plaintiff. The court then heard extensive oral arguments on the substantive merits of the motion to dismiss and took the matter under advisement until December 2, 1988, stating that a ruling would be made by opinion letter. On December 2, 1988, the court continued its ruling date to December 19, 1988. On December 19, 1988, in a one page order ("December order"), the court dismissed Crigler's amended complaint without prejudice.

Crigler then filed a motion for reconsideration and the defendants filed a motion for an order dismissing the case with prejudice and finding that there is no just reason to delay enforcement or appeal from the order. After the court denied both motions on January 5, 1989 ("January order"),[2] Crigler filed a motion for a modification of the January order, asking that the December dismissal order be deemed final and appealable. In an order dated February 14, 1989 ("February order"), the court decided to first allow the plaintiffs 14 more days in which to refile the action and then provided that, absent a refiling within that time period, "the orders of December 19, 1988 and January 5, 1989, dismissing this action without prejudice shall become final and appealable orders." Crigler did not file a

new action within the 14 days provided. Finally, after a status on March 14, 1989 at which neither Crigler nor his attorney appeared, the court deemed the December and January orders final, and found that there was no just reason for delay of enforcement or appeal from the orders ("March order"). With minor exceptions, the amended complaint in state court was verbatim to the complaint filed in this Court on November 22, 1989.[3]

### Discussion

In determining whether Crigler is precluded from bringing this action, we are bound to give "state courts judgments the same effect such judgment would be given by the courts of the state in which the judgment was rendered." *PaineWebber Inc. v. Farnam*, 870 F.2d 1286, 1290 (7th Cir.1989); 28 U.S.C. § 1738. Illinois adheres to traditional preclusion principles such that "[w]hen an issue of fact or law is actually litigated and determined by a valid and final judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim." *Id. See also Harl v. City of LaSalle*, 679 F.2d 123, 125–26 (7th Cir. 1982). Our resolution of the preclusion issue in this case is complicated by the fact that we have been presented with a series of orders from the state court and the parties disagree concerning the effect to be given each order individually and the effect of the orders taken as a whole. Both sides

---

**2.** By the time that Crigler's counsel filed her motion for reconsideration, the case had been transferred to another judge. In her motion, Crigler's counsel had raised some objections concerning what her understanding of the proper due date was, but at the very least she agreed that a response was due by November 21, 1988. *See* Pltf.'s Motion for Reconsideration, filed in the state court action, at ¶ 3. She also offered a variety of excuses for her failure to file a timely response with the court and for her failure to appear at the November 28 hearing, about which she claimed she had not received notice. All of these excuses were apparently rejected by the court in light of its denial of the motion for reconsideration.

**3.** The complaint filed in this court differs in only three respects. First, Crigler has added necessary jurisdictional information in para-

graphs 1, 3, 4 and 5 concerning the citizenship and state of residency of the parties. Second, Crigler has added additional language to two allegations in Count VI of the complaint concerning the defendant Dennis Sheehan's alleged fraudulent concealment. In paragraph 23 of that count Crigler has added the following sentence: "Axia deliberately concealed from Mr. Crigler the fact that it recalculated incentive compensation payments for 1984 and failed to pay Mr. Crigler the remaining balance of his 1984 incentive compensation." To paragraph 28 of that count Crigler has added "... as a result of Sheehan's misrepresentation of the amount of incentive compensation yielded by application of the formula." The remaining difference between the complaints is that Crigler has not named Robert Mancuso, a defendant in the state action, as a defendant here.

have framed their arguments in terms of whether or not the orders issuing from the state court acted as a complete bar to any subsequent suit between the parties, whether on the same or on a different claim, arising out of the same transaction. Our analysis, however, will proceed along two lines of inquiry.

## I. Issue Preclusion—The Law of the Case

██ Before addressing the issue whether the state court orders operated to bar Crigler from renewing his action in any form, we find that the December order of dismissal, standing alone, should at least be given issue preclusive effect—namely, that Crigler's amended complaint failed to state a viable cause of action under Illinois law. Under the law of the case doctrine, which federal courts may apply to orders issuing from state courts, once a competent court rules on a question of law, that ruling is generally binding as to that legal issue between the same or substantially similar parties given the same material facts. *See PaineWebber*, 870 F.2d at 1290–91. In order for a ruling to constitute the law of the case,

> the question of law presented in the current action must have been actually decided in the former proceeding.... An issue may be "actually decided" even without an express ruling if a court can determine that the issue in question was decided by necessary implication.

*Id.* We believe that the state court's December order operated as a substantive determination in favor of the defendants that the amended complaint, which had incorporated evidence adduced during the course of discovery, failed to state a claim as a matter of law. The denial of the motion for reconsideration made that specific determination final.

██ In opposition to this conclusion, Crigler makes much of the fact that the December order dismissed the amended complaint "without prejudice." We see no special significance to those words with respect to the substantive issue before the state court—the question whether or not the amended complaint stated a viable cause of action. The words "without prejudice" simply indicate that procedurally the December order would have permitted Crigler to file a second amended complaint if he so chose. Certainly the court's order that the complaint be dismissed without prejudice did not contemplate the refiling of a complaint that was a duplicate of the one dismissed. If it was the court's intention to dismiss the complaint simply for want of Crigler's prosecution of the motion to dismiss, the court would have done so right away, without hearing extensive oral arguments on the substantive merits of the motion and then taking the matter under advisement for a period of several weeks. Moreover, there would have been no reason to order that Crigler be barred from filing a response to the motion to dismiss—in essence, treating Crigler's failure to respond as a waiver of the opportunity to argue the substantive issues. We are aware that the court did not issue an opinion letter concerning the motion as promised. Nonetheless, we do not believe that fact outweighs the other considerations upon which we base our conclusion that the state court "actually decided" the issue whether the amended complaint stated a viable cause of action.[4] Accordingly, because the complaint filed in this Court is identical in all substantive respects to the amended complaint dismissed in the state court action, we shall give issue preclusive effect to the determination of the state court and dismiss the complaint in this action.[5]  *Cf. Blaszczak v. City of Palos Hills,*

---

4. Accordingly, we find the circumstances here distinguishable from those in other cases where courts have refused to give preclusive effect to a prior state court judgment on the ground that they are vague or ambiguous. *PaineWebber,* 870 F.2d at 1292 (one-sentence stay order, although clearly implying that court decided arbitrator should decide timeliness of claims, was unclear on issue whether the underlying cause

of action was arbitrable); *O'Neil v. Merrill Lynch, Pierce, Fenner & Smith,* 654 F.Supp. 347 (N.D.Ill.1987) (prior dismissal of action by arbitration panel unclear as to the standard of proof applied). *Cf. Harl,* 679 F.2d 123 (handwritten dismissal order did not indicate upon which of four possible grounds it was based).

5. Dismissal for this reason is warranted even assuming Crigler is correct in his assertion that

123 Ill.App.3d 699, 79 Ill.Dec. 208, 463 N.E.2d 762 (1984) (plaintiff barred from filing a complaint in state court alleging a cause of action identical to one previously dismissed on the merits in federal court).

## II. Claim Preclusion

■ Having concluded that Crigler is precluded from proceeding on his present complaint, we next consider the related issue whether Crigler is precluded altogether from filing a subsequent suit by amending his complaint to raise any additional grounds of recovery other than those already dismissed. Crigler maintains that the state court action was ultimately dismissed for want of prosecution and that he accordingly retained the right to refile his action within the statutory period. He points out that under Illinois law, a dismissal for want of prosecution is not equated with an adjudication on the merits and thus does not act as a bar to a subsequent suit on the same issues. See Harl, 679 F.2d at 125–26; Kraus v. Metropolitan Two Illinois Center, 146 Ill.App.3d 210, 100 Ill. Dec. 15, 17, 496 N.E.2d 1080, 1082 (1981); O'Reilly v. Gerber, 95 Ill.App.3d 947, 51 Ill.Dec. 11, 13, 420 N.E.2d 425, 427 (1981). The defendants counter by claiming that the circumstances evidence Crigler's election to stand on the stricken complaint, thereby rendering the dismissal a final adjudication on the merits and barring Crigler from refiling the action. Under Illinois law a dismissal of a complaint, with an election by the plaintiff to stand on the stricken complaint is deemed a final, appealable order and a bar to future suits by the plaintiff against the same defendants arising

out of the same transaction. Brainerd v. First Lake Cty. Nat'l Bank, 1 Ill.App.3d 780, 275 N.E.2d 468 (1971).

We agree with the defendants, and find that the circumstances do indicate that Crigler elected to stand on his complaint, thus barring any subsequent suits brought by Crigler upon the same transaction. The December order, dismissing Crigler's complaint, was clearly designated as being without prejudice, thus giving Crigler the opportunity to file a second amended complaint. Crigler did not file a second amended complaint, but instead filed a motion for reconsideration of the dismissal of the original amended complaint. At the hearing on the motion, Crigler alternatively requested, in the event his motion for reconsideration was denied, that the court grant him additional time in which to file an amended pleading.[6] The court denied the motion for reconsideration. Also rejecting Crigler's request for further time in which to file an amended pleading, the court clarified the procedural posture of the case, indicating that refiling of the action would be required: "I am not going to change the order that was entered by Judge Nelligan. If the plaintiff refiles, we will have to take it from there.... [The case] has been dismissed without prejudice and you will have to refile, get a new number...." See Trans. of Procs., dated February 14, 1989, at 24–25.[7] Significantly, the court also denied the defendants' motion for an order dismissing the entire action with prejudice and for a finding that there is no just reason to delay enforcement or appeal from the order. The January order em-

---

the action itself was ultimately dismissed for want of prosecution (an issue we take up in the next section) and that such a dismissal would have entitled him to renew his action within the statutory one-year period. To hold otherwise would permit plaintiffs such as Crigler to join issue on a substantive motion, fail to respond for reasons found inexcusable by a trial judge, and then let the case lapse in order to obtain a second chance at a substantive resolution of the same matter before a different judge upon refiling. We do not believe that the Illinois courts would condone such an abuse of process. And it is just this sort of abuse of process that the law of the case doctrine was established to prevent.

6. Crigler's belief that an amended pleading would be required in the event the motion for reconsideration was denied provides additional evidence that he understood that the original dismissal was on the merits, and thus entitled to issue preclusive effect.

7. We note that although the transcript of this hearing is dated "Thursday February 14, 1989," that date fell on a Tuesday, and the subject matter of the hearing was clearly related to Crigler's motion to reconsider. In fact, counsel for Axia indicated the date as being January 5, 1989. Feb. Trans. at 7.

bodying these rulings was stamped "Final Order Case Closed." That order left Crigler with two choices. First, he could have exercised his statutory right to refile and replead the case under a second amended complaint within one year. *See* Ill.Rev. Stat. ch 110, § 13–217. At the time of the January order, nothing precluded Crigler from refiling an amended complaint either in the same or a different court, including federal court.

Rather than pursue that course, however, Crigler exercised his second option—to elect to stand on the complaint dismissed by seeking a final and appealable order. On February 14, 1989, Crigler filed a motion requesting that the January order be amended to make clear that the action was dismissed under Section 2–615 of the Illinois Code of Civil Procedure and that the dismissal orders be deemed final and appealable. Section 2–615, like its counterpart in Rule 12(b)(6) of the Federal Rules of Civil Procedure, provides for a substantive dismissal of a complaint on the merits for failure to state a claim.[8] Section 2–615 makes no provision concerning a procedural dismissal for want of prosecution. Crigler's motion, therefore, by effectively conceding that the prior dismissal was on the merits and by seeking finality to the order of dismissal, provides direct evidence that he was electing to stand on the complaint that had been dismissed.

In its February order concerning Crigler's motion, the court granted Crigler 14 days to refile the action, and further provided that, in the event Crigler failed to refile within 14 days, the court would grant Crigler's request that the dismissal order be made final and appealable.[9] Crigler did not refile the action within the allotted time. On March 14, 1989, during a scheduled status conference at which Crigler and his counsel failed to appear, the Court deemed the December and January orders to be final orders and found "no just reason for delay of enforcement or appeal from the orders ... dismissing Plaintiff's cause of action." Once the March order was entered, Crigler no longer had the option of amending his complaint and refiling the action within one year, because he had secured what he had requested—the termination of the litigation with a final and appealable order.

Crigler now asserts, however, that the reason he wanted the "order dismissing the case without prejudice" deemed final and appealable was "for the purpose of voluntarily nonsuiting the State Court Action, so that it could be refiled in federal court without a parallel pending state court action." Resp. at 5. We have difficulty with both the genuineness and substance of this proposition. Once the January order had been entered, there was no parallel state court action pending to "voluntarily nonsuit." As evidenced by the colloquy at the hearing on the motion for reconsideration, it was clear to all, including Crigler's attorney, that the case had been dismissed, without prejudice to Crigler's opportunity to refile. Thus, there was no reason to believe that what had transpired in the state court prior to the March order stood as a bar to bringing a new cause of action in this Court on amended pleadings. Even allowing for the possibility that Crigler misunderstood the effect of the prior proceedings, if Crigler truly intended to "voluntarily nonsuit" the action, then it would appear that he would have brought his motion under Section 2–1009, which provides plaintiffs with the procedure for voluntarily dismissing an action. Instead, Crigler's motion was brought under Section 2–615, which only provides that, upon dis-

---

**8.** Here too, Crigler's motion seeking modification to reflect that dismissal was based on Section 2–615 provides further evidence supporting our conclusion above that the dismissal was understood by all to be an adjudication on the merits.

**9.** We are not sure that the court actually had authority to "grant" Crigler fourteen days to refile the action, since the savings statute gives plaintiffs an unconditional period of one year in which to refile after a dismissal without prejudice. Therefore, it would appear that, given the fact Crigler had failed to appear at the March status hearing, the court was simply granting Crigler a little more time to change his mind and pursue the case with amended pleadings before the court gave full and final adjudicatory effect to the dismissal on the merits.

missal for failure to state a claim, a "court may enter appropriate orders either to permit or require pleading over or amending or to terminating the litigation in whole or part." Crigler's motion plainly sought termination of the action.

■ Nevertheless, Crigler maintains that the March order amounted to a dismissal of the case without prejudice for want of prosecution based on the fact that he did not refile the action with an amended complaint within the 14 days specified by the court. Yet, if that truly characterized the underlying basis for the March order, then Crigler's motion to have the dismissal order made "final and appealable" under Section 2–615 and the language in the March order specifying that the dismissal was final and appealable would be meaningless. Under Illinois law, a dismissal without prejudice for want of prosecution does not terminate litigation and therefore cannot result in an appealable order, since there remains the one year time for refiling provided by the saving statute. *See Wold v. Bull Valley Management Co.*, 96 Ill.2d 110, 70 Ill.Dec. 238, 449 N.E.2d 112, *cert. denied*, 464 U.S. 936, 104 S.Ct. 345, 78 L.Ed.2d 311 (1983); *Flores v. Dugan*, 91 Ill.2d 108, 61 Ill.Dec. 783, 435 N.E.2d 480 (1982). *Cf. Arnold Schaffner, Inc. v. Goodman*, 73 Ill.App.3d 729, 29 Ill.Dec. 818, 392 N.E.2d 375 (1979). Thus, if the March order of dismissal was without prejudice and based on a want of prosecution by Crigler, then the order could not have been final and appealable.

Furthermore, the simple fact that Crigler did not file an amended complaint does not translate automatically into a want of prosecution, just as a failure to amend does not in and of itself constitute an election to stand on the original stricken complaint. *See Harl*, 679 F.2d at 127 (*"Brainerd* suggests that it is not the failure to amend, but the taking of an appeal or other action challenging the trial court decision that constitutes an election to stand on a stricken complaint."). Under the circumstances of this case, the fact that Crigler failed to refile cannot be regarded as a want of prosecution, but serves instead as evidence of Crigler's affirmative prosecution of his

motion to have the dismissal made final and appealable. The option of refiling, granted by the court, was an alternative to entry of the order that Crigler sought, and obtained.

■ We therefore find that the sequence of events establish that Crigler elected to stand on the amended complaint that had been dismissed and that the March order of dismissal must be considered a final adjudication on the merits barring any subsequent suits arising out of the same transactions. The fact that Crigler ultimately chose not to appeal, or simply neglected to appeal, does not change the finality of the judgment entered against him, but rather renders the decision all the more final.

Conclusion

We grant the defendants' motion for summary judgment on the grounds that Crigler is precluded from bringing this action by state court rulings in a prior suit between these parties dismissing a complaint identical to the complaint filed in this Court, and entering final judgment against Crigler on the merits of the cause of action. Because we find that Crigler is precluded from bringing this action, we do not reach the second grounds for summary judgment which reassert the arguments previously accepted by the state court concerning the merits of Crigler's action. It is so ordered.