952 F.2d 1398
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Larry L. McKINNON, Plaintiff/Appellant,
v.
CITY OF BERWYN, et al., Defendants/Appellees.
 No. 90-3378.
 United States Court of Appeals, Seventh Circuit.
 Argued Nov. 13, 1991.
Decided Jan. 13, 1992.
 
 Before WOOD, Jr., COFFEY and MANION, Circuit Judges.
 
 ORDER
 
 1
 A jury assessed punitive damages against several City of Berwyn police officers for using excessive force in arresting Larry McKinnon. McKinnon moved for the court to require the City to pay for the officers' punitive damages, but the district court ruled against him. McKinnon appealed, and we dismissed the appeal as untimely, McKinnon v. City of Berwyn, Slip Op. Nos. 88-1516 and 88-1589 (7th Cir. October 24, 1986). McKinnon, in turn, filed in the district court a "Creditor's Bill in the Nature of an Action for Mandamus" to enforce the judgment against the City. The court denied that motion citing its earlier ruling as res judicata. McKinnon appeals that ruling.
 
 I. Procedural Background
 
 2
 The parties to this appeal are before this court for the second time, so we will only set forth the facts that remain relevant to this portion of this long litigation. The starting point for the present proceeding begins after the second trial, which dealt solely with the issue of damages. After the second trial the litigation stood like this: Liability and damages were settled--the City of Berwyn owed Larry McKinnon compensatory damages and several police officers owed him punitive damages. A problem remained, however, because McKinnon made a motion to have the City pay for the police officers' punitive damages pursuant to an Illinois statute that directed public entities to pay the tort judgments of its employees. We will refer to this motion as "the first motion."
 
 
 3
 The issue before the district court on the first motion was whether the City was immune from paying for its employees' punitive damages. The court faced a threshold problem in dealing with this issue. On the one hand, the City's immunity appeared to be governed by the Local Governmental and Governmental Employees Tort Immunity Act. Ill.Rev.Stat. ch. 85, para. 9-102 (1989). This Act waived city immunity from liability for the conduct of its employees; therefore, the City in this case would have to pay its officers' punitive damages. On the other hand, the Illinois Municipal Code, Ill.Rev.Stat. ch. 24, para. 1-4-6 (1989), appeared to govern municipalities' roles specifically with regard to indemnifying police officers. This section gave the City immunity from liability for its officers' conduct if the officers engaged in "wilful misconduct." The court resolved this conflict by construing the specific statute--section 1-4-6--as controlling over the general statute. Having resolved the threshold issue, the court found that the officers' conduct in this case amounted to wilful misconduct. As a result, the court held that the City was immune from liability for its officers' punitive damages that resulted from wilful misconduct.
 
 
 4
 In dicta the court noted that its decision appeared inconsistent with this circuit's decisions in Kolar v. County of Sangamon, 756 F.2d 564 (7th Cir.1985), and Coleman v. Smith, 814 F.2d 1142 (7th Cir.1987). But, the court explained, those cases discussed only section 9-102 and failed to discuss section 1-4-6. The court, therefore, found its reasoning justified and denied McKinnon's motion.
 
 
 5
 About eight months after the court's ruling on the first motion McKinnon appealed its decision; we dismissed the appeal for lack of jurisdiction based on McKinnon's failure to file a timely appeal. Almost eleven months later, McKinnon filed in the district court a "Creditor's Bill in the Nature of an Action for Mandamus" pursuant to Federal Rule of Civil Procedure 69(a). In this motion ("the second motion") McKinnon again sought to enforce the officers' punitive damages judgment against the city. The district court denied the motion citing its ruling on the first motion as res judicata.
 
 II. Analysis
 A. Finality on the Merits
 
 6
 Res judicata applies when three conditions are present: (1) a final judgment on the merits in an earlier action; (2) an identity of the cause of action in both the earlier and the later suit; and, (3) an identity of parties or their privies in the two suits. Local 322, Allied Indus. Workers v. Johnson Controls, Inc., Globe Battery Div., 921 F.2d 732, 733 (7th Cir.), cert. denied, 111 S.Ct. 2238 (1991). McKinnon argues against applying res judicata on the ground that the district court's decision was not "on the merits." To be on the merits the judgment must have been "based upon legal rights as distinguished from mere matters of practice, procedure, jurisdiction, or form." Spiegel v. Continental Ill. Nat'l Bank, 790 F.2d 638, 645 (7th Cir.), cert. denied, 479 U.S. 987 (1986).
 
 
 7
 McKinnon attacks the district court's decision as follows: A Rule 69(a) motion (McKinnon's second motion) is a procedural mechanism under which the court can exercise its inherent jurisdiction to enforce judgments; the court's denial of the second motion was thus a matter of procedure; the court's ruling, therefore, was not a judgment on the merits but a procedural ruling to which res judicata does not apply.
 
 
 8
 This argument misses the point. This court must determine whether the district court's ruling on McKinnon's first motion was res judicata as to McKinnon's second motion. To accomplish this we determine whether the first motion was a final judgment on the merits. The nature of the ruling on the second motion is inapposite the inquiry. Indeed, the district court never even addressed the Rule 69(a) motion because it deemed the claim barred by res judicata.
 
 
 9
 Reviewing the court's decision on the first motion reveals that in fact its decision was on the merits. The district court's task was to determine whether McKinnon had a right to collect punitive damages from the City for the torts of its charges. The court read the pertinent statutes, analyzed what it saw as conflicting law, resolved the conflict in favor of the City, and determined that McKinnon had no legal right to recover from the city. The court concluded that McKinnon's claim had no substance. In no way was this a purely procedural matter as is the case, for example, in dismissals for failure to give notice. Harl v. City of LaSalle, 679 F.2d 123, 126 n. 5 (7th Cir.1982), for lack of subject matter jurisdiction, Bunker Ramo Corp. v. United Business Forms, Inc., 713 F.2d 1272 (7th Cir.1983), or for mootness, Commodity Futures Trading Comm'n v. Board of Trade, 701 F.2d 653, 656 (7th Cir.1983).
 
 B. Failure to Appeal
 
 10
 McKinnon also intimates that the district court's ruling on the first motion was contrary to this circuit's law, and, consequently, the court's failure to follow the law bars the conclusion that its decision was on the merits. McKinnon's premise may well be accurate. Argento v. Village of Melrose Park, 838 F.2d 1483 (7th Cir.1988), for instance, supports the argument that, were the court to decide the first motion today, it would rule in McKinnon's favor. Argento, however, was decided after the court ruled on the first motion, and "the res judicata consequences of a final, unappealed judgment on the merits [are not] altered by the fact that the judgment may have been wrong or rested on a legal principle subsequently overruled in another case." Federated Dep't Stores v. Moitie, 452 U.S. 394, 398 (1981) (citations omitted).
 
 
 11
 McKinnon's second motion is perhaps better characterized as an attempted subterfuge to avoid the consequences of this court's dismissal of his appeal. "[A]n adverse judgment from which no appeal has been taken is res judicata and bars any future action on the same claim, even if an authoritative contrary judicial decision on the legal issues involved is subsequently rendered in another case." Federated Dep't Stores, 452 U.S. at 399 n. 4 (citation omitted); see Spiegel, 790 F.2d at 647. That rule governs this case. The court's order dismissing the first motion specifically warned the parties that its ruling caused inconsistency in this circuit's case law, and that it was dealing with an apparent inconsistency in Illinois' statutory law. After the district court's ruling this court decided Argento, which, most likely, is an "authoritative contrary judicial decision." But, McKinnon did not appeal the first motion until it was too late so the motion became res judicata.
 
 
 12
 We find McKinnon's second motion barred by res judicata because the district court denied the first motion on the merits, and because McKinnon failed to appeal that ruling.
 
 
 13
 AFFIRMED.