**In re W.K. BAKER, II, M.D.**
SSN 449–50–4833, Debtor.

**Bankruptcy No. 85–70452.**

United States Bankruptcy Court,
E.D. Oklahoma.

Oct. 13, 1995.

As Corrected Nov. 7, 1995.

---

Marthanda Beckworth, Tulsa, Oklahoma, for Debtor.

Cindy McNeely, Tulsa, Oklahoma, for creditor Paula Sue Taff.

## OPINION

TOM R. CORNISH, Bankruptcy Judge.

On the 13th day of September, 1995, the Debtor's Motion to Reopen Case and Objection by creditor Paula Sue Taff ("Creditor") came on for hearing before this Court.

After hearing arguments of counsel and a review of the above-referenced pleadings, this Court does hereby enter the following findings and conclusions in conformity with Rule 7052, Fed.R.Bankr.P., in this core proceeding:

### FINDINGS OF FACT

1. On August 6, 1985, the Debtor filed his voluntary Petition under Chapter 7 of the United States Bankruptcy Code.

2. Prior to the filing of his bankruptcy, the Debtor was listed as a defendant in a medical malpractice action filed in the District Court of Muskogee County, Oklahoma.

3. The Plaintiff in the medical negligence action, Paula Sue Taff, filed a proof of claim on August 30, 1985 in the amount of $3,500,-000.00.

4. The Debtor listed on Schedule A–3 Bonnie Taff, deceased, in care of Pauline Nelson, as an unsecured creditor.

5. The estate of Bonnie Taff was represented at the Meeting of Creditors by Vickie Ratliff.

6. On October 8, 1986, the Debtor received his Chapter 7 Discharge.

7. On November 2, 1992, the late Judge James Ryan disallowed the reopening of the case by the Creditor. Judge Ryan stated that he could not afford relief to the Creditor to reopen the case to permit modification of the permanent injunction which had been in force since October 8, 1986.

8. In Muskogee County District Court, the Defendant/Debtor moved for summary judgment. Judge Edmondson granted summary judgment on the Defendant's affirmative defense of discharge in bankruptcy. The Creditor then appealed to the Oklahoma Court of Appeals, in *Taff v. Baker*, 861 P.2d 341 (Okla.Ct.App.1993).

The issue before the Court of Appeals was whether the Plaintiffs/Creditors were entitled to continue their action for medical malpractice against the Defendant/Debtor following his discharge in bankruptcy, where the Plaintiffs/Creditors were attempting to establish Defendant/Debtor's negligence in order to proceed against his liability insurance carrier. The Court of Appeals noted that the parties had conducted discovery for almost six (6) years.

The Court of Appeals further noted:

On April 2, 1992, Defendant filed a motion for summary judgment alleging, for the first time, that Plaintiffs were barred from proceeding with this action pursuant to the permanent injunction of 11 U.S.C. § 524(a). Plaintiffs objected to this motion for summary judgment alleging that they were entitled to proceed against Defendant to the extent of establishing his negligence for the purpose of proceeding against his liability insurance carrier. The trial court granted the motion for summary judgment.

On appeal to the Oklahoma Court of Appeals, the Plaintiffs/Creditors argued that the trial court erred in finding that the medical malpractice case could not proceed after the Defendant/Debtor's discharge. The Oklahoma Court of Appeals found that § 524 of the Bankruptcy Code permitted an action to proceed against a discharged debtor where the action would not result in personal liability of the debtor.

### CONCLUSIONS OF LAW

The Debtor is seeking to reopen this case to enforce the permanent injunction entered pursuant to § 524 of the Bankruptcy

Code. Section 524, in pertinent part, provides:

(a) a discharge in a case under this title—

(2) operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as the personal liability of the debtor, whether or not discharge of such debt is waived.

The Debtor argues that the Creditor and her attorney are in contempt for violation of the permanent injunction by pursuing a suit on a discharged debt. The Creditor opposes the Motion to Reopen based upon the law of the case doctrine. The Creditor alleges that the Debtor is raising, in this Court, the same arguments raised before the Oklahoma Court of Appeals. This Court agrees that the identical arguments are being made here as were raised before the Oklahoma Court of Appeals. The pivotal issue is whether the Bankruptcy Court is precluded from redetermining an issue that was before the Oklahoma Court of Appeals.

■ The Debtor's Motion for Summary Judgment was granted which prohibited the Plaintiffs/Creditors from pursuing their action against the Defendant/Debtor. In the Court of Appeals, the state trial court's decision was reversed. The Debtor did not seek certiorari to the Oklahoma Supreme Court. Instead, the Debtor came back to Bankruptcy Court to seek relief.

Section 350(b) of the Bankruptcy Code provides:

A case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause.

The law of the case doctrine provides "once a competent court rules on a question of law, that ruling is binding as to the legal issue between the same or substantially similar parties given the same material facts." *Crigler v. Axia, Inc.,* 735 F.Supp. 868, 871 (N.D.Ill.1990).

■ Did the Oklahoma Court of Appeals have jurisdiction to hold § 524 applicable to continue the suit against Dr. Baker? This Court answers affirmatively. The District Courts have original, but not exclusive, jurisdiction over all civil proceedings arising under Title 11 or in or related to cases under Title 11. 28 U.S.C. § 1334(b). In *Shockley v. Brown,* 831 P.2d 1010 (Okla.Ct.App.1992), the Oklahoma Court of Appeals noted that the trial court had jurisdiction to permanently enjoin the continuation of a negligence action after the Defendant had obtained a discharge in bankruptcy. Thus, the Court of Appeals had the authority to decide the appeal before it. Other courts have concluded that the issue of the applicability of the automatic stay is within the competence of the bankruptcy court and non-bankruptcy courts in which litigation involving the debtor is pending. *Mother African Union Methodist Church v. Conference of Aufmp Church (In re Conference of African Union First Colored Methodist Protestant Church),* 184 B.R. 207, 215 (Bankr.D.Del.1995) (see text for extensive discussion). It likewise follows that a non-bankruptcy forum can also be competent to determine the applicability of § 524.

The Debtor argues that the recent ruling by the United States Supreme Court in *Celotex v. Edwards,* —— U.S. ——, 115 S.Ct. 1493, 131 L.Ed.2d 403 (1995), is controlling on this issue. The United States Supreme Court stated that a party could not collaterally attack a Section 105 injunction in Federal Courts in Texas when the Bankruptcy Court for the Middle District of Florida had entered the injunction. The United States Supreme Court stated that the parties should have challenged the injunction in the Bankruptcy Court. The *Edwards* case is not applicable in this proceeding.

The parties here are the same as in the Muskogee County District Court action and the Oklahoma Court of Appeals. The essential facts are the same—nothing has changed. The Oklahoma Court of Appeals was competent to make the determination that § 524 permitted the action to proceed. The Debtor waited almost six (6) years before he asserted the affirmative defense of discharge in bankruptcy. This Court is of the opinion that the law of the case doctrine applies and therefore, the Motion to Reopen should be denied.

IT IS THEREFORE ORDERED that the Debtor's Motion to Reopen is hereby **denied.**