Edward R. Schear, Plaintiff-Appellant, v. City of High-
land Park, a Municipal Corporation, James F. Shel-
ton, and the Hartford Accident & Indemnity Com-
pany, Defendants-Appellees.

Gen. No. 68–56.

Second District.

December 31, 1968.

Jerome M. Brooks and Thomas E. Ryan, of Chicago, for appellant.

Fuqua, Fuqua, Winter and Homer, of Waukegan, for appellees.

MR. JUSTICE MORAN delivered the opinion of the court.

This is a personal injury action in which plaintiff appeals from the dismissal of his amended complaint and the amendment to his amended complaint. The issues presented are primarily concerned with the interpretation of certain provisions of the "Local Governmental and Governmental Employees Tort Immunity Act," Ill Rev Stats c 85, § 1-101, et seq. (1965), enacted on August 13, 1965.

The original complaint filed on May 5, 1967, by plaintiff, Edward Schear, charged that on July 1, 1965, defendant, James F. Shelton, negligently operated a motor vehicle, owned by the City of Highland Park, which vehicle collided with Shear's auto, causing plaintiff severe injury and damages.

Answer to the complaint was filed on June 2, 1967, wherein the individual defendant admitted operating the vehicle but denied the other material allegations of the complaint. On June 16, 1967, an amended complaint was filed making the City of Highland Park an additional defendant.

On August 23, 1967, on behalf of both defendants, a motion was filed to dismiss the amended complaint, setting forth the six-months' notice provision and the one-year limitation period as contained in the Tort Immunity Act (Ill Rev Stats 1965, c 85, §§ 8-101, 8-102 and 8-103)

and citing sections of Ill Rev Stats 1963, c 24, §§ 1-4-1, 1-4-2 and 1-4-3.

The circuit court dismissed the complaint as to both defendants and by a separate order granted plaintiff leave to file an amendment to the amended complaint allowing joinder of the Hartford Accident and Indemnity Company as a party defendant. Such amendment was filed on December 20, 1967, charging Hartford, as liability carrier for the City of Highland Park, its agents and employees, with the financial responsibility for plaintiff's injuries and alleging that, by its insurance contract with the City, the company waived any defenses allowable under the special privileges and immunities granted in the Tort Immunity Act (supra).

Defendant filed a motion to strike and dismiss the amendment and on March 19, 1968, a final order was entered, striking the amendment to the amended complaint and denying plaintiff leave to file a second amended complaint. Judgment was entered for the defendant.

At the time of the accident, there was a one year statute of limitations on personal injury actions against municipalities. (Ill Rev Stats 1963, c 24, § 1-4-1.) When the Tort Immunity Act was adopted in 1965, this same limitation period of one year was retained. (Ill Rev Stats 1965, c 85, § 8-101.) As has been noted, plaintiff's amended complaint, wherein the city was for the first time made a defendant, was not filed until almost two years after the accident.

Although the Tort Immunity Act did not change the limitation period for personal injury actions against municipalities, it did somewhat change the notice requirement. The statute in effect on the date of the accident, (c 24, § 1-4-2) provided that, within six months after an injury was sustained, a person contemplating suit ". . . against any municipality for damages on account of any injury to his person," was required to file a written notice with the city, stating his name, address, the date and

287

■■■■■■■■■■■■■■■■■■■■■■■

place of the accident, and the name of his attending physician. Section 1–4–3 of the statute provided that, if the required notice was not given, the suit should be dismissed with prejudice.

The Tort Immunity Act of 1965 contains a similar notice requirement, but with one important addition that is relevant here: It provides that the six months' notice must be given before suit is commenced against ". . . a local public entity" (which included a municipality) ". . . or against any of its employees whose act or omission committed while acting in the scope of his employment as such employee caused the injury . . . ." (Ill Rev Stats 1965, c 85, § 8–102.) Section 8–103 provides that if the required notice is not given, then ". . . any such civil action commenced against a local public entity, or against any of its employees whose act or omission committed while acting in the scope of his employment as such employee caused the injury," shall be dismissed with prejudice.

After plaintiff filed his amended complaint, the defendants filed a motion to dismiss, supported by an affidavit of the City Clerk to the effect that no six months' notice had ever been served. The grounds of the motion were this failure to serve the notice and the failure to file suit against the city within one year. The lower court granted the motion as to the city on the basis that no notice had been given and suit had not been commenced within one year. The motion was also granted as to the employee, Shelton, on the theory that the notice requirement of the 1965 Tort Immunity Act was retroactive, inasmuch as it was procedural rather than substantive. (The one-year Statute of Limitations applies only to the action against the city, and does not apply to Shelton, as to whom the limitation period would be the general two-year statute on actions for personal injury.)

■■ We believe that the lower court was correct in dismissing the amended complaint against the city, but

that it erred in dismissing the complaint against Shelton. We think the dismissal of the city was proper because the city was not sued within one year and a one-year statute of limitations was in effect at all times. Plaintiff now seeks to argue that a one-year statute in favor of governmental bodies is unconstitutional in view of the fact that the general limitation period for personal injury actions is two years. However, this point was not raised in the lower court. Accordingly, it was waived and we do not consider it.

█ At the time of the accident, it was not a prerequisite to a suit against Shelton that any notice be filed. This requirement did not apply to suits against city employees until the new Act became effective on August 13, 1965. We disagree with the lower court that this requirement can be applied retroactively since it is merely "procedural." Failure to comply is a complete bar to the action and we, therefore, regard the requirement as a matter of substance rather than procedure. We think it clear that the retroactive application of the notice requirement would deprive the plaintiff of a cause of action which had accrued prior to the time the requirement first became law. We believe that cases involving statutes of limitation are closely analogous. In Tatge v. Hyde, 84 Ill App2d 310, 228 NE2d 179 (1967), a statute shortening the limitations period in regard to actions against personal representatives of deceased persons was held to be prospective only, so that it did not bar an action which accrued prior to its passage but which had not been filed until after its passage. The court reviewed the authorities and quoted from Carlin v. Peerless Gas Light Co., 283 Ill 142, 144, 119 NE 66 (1918), where the Supreme Court had held that a statute shortening the time within which to bring a wrongful death action ". . . will be given a prospective effect unless there appears a clear intention to the contrary, and then only where reasonable time is allowed in which to enforce existing rights."

In the instant case, we find nothing in the 1965 statute to indicate a legislative intention that the notice requirement be made retroactive. Moreover, while a retroactive application of the requirement would have given this plaintiff a reasonable time within which to file the notice, this would not have been true of persons whose actions against municipal employees had accrued more than six months but less than two years prior to August 13, 1965. In this connection, we believe the following language of the court in Tatge v. Hyde, supra, at page 317, is relevant:

"Applying the pronouncements made in the Carlin case, we believe that although it appears in the instant case that a reasonable time in fact was left at the time of the effective date of the amendment to enforce plaintiff's cause of action, nevertheless a retroactive construction would include cases in which a reasonable time might not have existed to enforce an existing cause of action. It is reasonable to assume that if retroactivity was intended by the legislature, an effective date would have been included in the amendment."

See also the general statement of the rule in 25 ILP, Limitations, § 7, pp 183–184:

"A statute of limitations will be given prospective effect, and not a retroactive operation, unless a legislative intent to the contrary is clearly manifested. Such statutes, since generally they operate only in futuro, ordinarily leave existing liabilities to be governed by the statutes already in force. Thus a statute reducing the time within which to commence an action on any instrument ordinarily operates prospectively only, and does not apply to instruments executed prior to such date.

"Even when a legislative intent is manifested to give a statute of limitations a retroactive operation,

290

effect will be given to such intent only if a reasonable time is allowed in which to enforce existing rights."

On the same date that the amended complaint was dismissed, plaintiff filed another pleading designated as an amendment to the amended complaint, and this was also dismissed. In this pleading he joined the Hartford Accident and Indemnity Company, alleging that this company had issued a policy of liability insurance which covered the city and Shelton for the occurrence in question and that this policy contained a waiver by the company of "any right to refuse payment or to deny liability within the limits of said policy by reason of the nonliability of the insured public entity for the wrongful or negligent acts of itself or its employees and its immunity from suit by reason of the defenses and immunities provided by law." It went on to allege that the attorneys who appeared for the city and Shelton were actually acting on behalf of the insurance company and that, in moving to dismiss the amended complaint on the basis of the statute of limitations and the six months' notice requirement, the company breached this provision of the policy. The pleading concluded with the allegation that "as a result of the direct violation of the terms of the policy issued by the Hartford Accident & Indemnity Company, said defendant, the Hartford Accident & Indemnity Company, would be legally responsible for the negligent acts, if any, of the defendants, City of Highland Park, a municipal corporation, and James F. Shelton."

This amendment was predicated upon the plaintiff's understanding of the following provisions of the 1965 Tort Immunity Act:

"9–103 (a) A local public entity may contract for insurance against any loss or liability which may be imposed upon it under this Act. Such insurance shall be carried with a company authorized by the Department of Insurance to

write such coverage in Illinois. The expenditure of funds of the local public entity to purchase such insurance is proper for any local public entity.

"9–103 (b) Every policy for insurance coverage issued to a local public entity shall provide or be endorsed to provide that the company issuing such policy waives any right to refuse payment or to deny liability thereto within the limits of said policy by reason of the non-liability of the insured public entity for the wrongful or negligent acts of itself or its employees and its immunity from suit by reason of the defenses and immunities provided in this Act."

■■■ The meaning of these insurance provisions has not been the subject of any reported Illinois case as yet, and there appear to be substantial questions of interpretation presented. See the discussion in Comment, 61 Northwestern UL Rev 265, 273–275 (1966). Plaintiff argues that the one-year statute of limitations and the six months' notice provision are contemplated by the language "nonliability of the insured public entity" and "its immunity from suit by reason of the defenses provided in this Act" in subsection (b). We do not believe this language is subject to that construction. Sections 2–102 through 6–109 of the Act purport to confer tort immunity upon various local entities and their employees in various kinds of situations. For instance, section 2–102 provides that "Notwithstanding any other provision of law, a local public entity is not liable to pay punitive or exemplary damages in any action brought directly against it by the injured party." The next section, 2–103, simply to provide another example, provides that "A local public entity is not liable for an injury caused by adopting or failing to adopt an enactment or by failing to enforce any law." We believe that this is the kind of nonliability

"and defenses and immunities" referred to in subsection (b) of section 9–103. If the defense of limitations were contemplated by this language, this would mean that the insurance company could not raise the statute even if the suit were to be brought some twenty years after the alleged injury. Clearly, it is unreasonable to suppose that such a result was intended by the legislature.

We have already held that the notice provision does not apply to plaintiff's suit against Shelton, so the only question we really have to decide in connection with the amendment to the complaint is whether subsection (b) of section 9–103 precludes the defense of limitations insofar as the city is concerned. For the reasons indicated, we hold that it does not. Consequently, since the city is not liable, we do not reach the question of plaintiff's standing to bring a direct action against the insurance company, nor the sufficiency of the pleading in other particulars.

The judgment of the lower court will be affirmed insofar as it dismissed the complaint against the City of Highland Park and the Hartford Accident and Indemnity Company. The portion of the judgment which dismissed plaintiff's amended complaint against the defendant Shelton will be reversed, and that portion of the cause will be remanded to the lower court with directions to require the defendant Shelton to answer the amended complaint.

Affirmed in part, reversed in part, and remanded.

ABRAHAMSON, P. J. and DAVIS, J., concur.