ELAINE  C.  HERRIOTT, Plaintiff-Appellee, v.  CHARLES  B.  POWERS, Defendant-Appellant.

First District (2nd Division)   No. 1—91—1964

Opinion filed September 29, 1992.

Ancel, Glink, Diamond & Cope, P.C., of Chicago (Michael W. Tootooian, of counsel), for appellant.

Carey & Carey, of Blue Island (Michael D. Carey, of counsel), for appellee.

PRESIDING JUSTICE HARTMAN delivered the opinion of the court:

Village of Tinley Park Director of Public Works Charles B. Powers, while driving a village-owned automobile between village work sites, collided with plaintiff Elaine C. Herriott's vehicle. Plaintiff sued Powers after lapse of the one-year statutory limitation period for commencement of civil injury actions against local governmental employees, contained in section 8—101 of the Local Governmental and Governmental Employees Tort Immunity Act (Ill. Rev. Stat. 1987, ch. 85, par. 8—101 (section 8—101 of the Act)). A jury returned a $20,550 verdict against Powers, which was reduced by $10,275 due to plaintiff's 50% negligence. Powers appeals, contending among other arguments that (1) the court's reliance on *Currie v. Lao* (1990), 198 Ill. App. 3d 625, 556 N.E.2d 318, *aff'd* (1992), 148 Ill. 2d 151 (*Currie*), was misplaced and contrary to legislative and judicial intention; and (2) that the court should have granted Powers' motion for a directed verdict on his affirmative defense.

The collision occurred on March 24, 1987. Plaintiff filed suit on November 9, 1988, and served the village attorney and clerk with notice of the village's alleged liability for "the negligent and dangerous driving of a [v]illage employee, Charles." On December 12, 1988, Powers moved to dismiss plaintiff's complaint pursuant to section 2—619 of the Civil Practice Law (Ill. Rev. Stat. 1989, ch. 110, par. 2—619), for plaintiff's failure to file her lawsuit within section 8—101's one-year requirement for suits brought against local governmental employees. The court denied the motion without prejudice, finding Powers' attached affidavit insufficient to prove he was acting in the

scope of his employment. Powers was given time to answer or otherwise plead.

Powers answered and asserted as an affirmative defense that the suit should be dismissed pursuant to section 8—101 because it was filed more than one year after the accident. He maintained that at all relevant times he was acting within the scope of his employment as director of public works and was driving a village-owned vehicle. He urged that plaintiff was therefore required to file her complaint within the one-year limitation of section 8—101. Plaintiff answered and denied that Powers was acting within the scope of his employment.

On January 30, 1990, Powers moved for summary judgment (Ill. Rev. Stat. 1987, ch. 110, par. 2—1005), contending once again that he was entitled to the protections of section 8—101. Plaintiff responded, alleging (1) the one-year limitation period did not apply because Powers was sued individually and not as an agent or employee of the village and (2) summary judgment was inappropriate because a material issue of fact remained as to whether the events complained of occurred during the course of Powers' employment.

At trial, Powers testified that he was a salaried village employee on duty 24 hours per day. On the morning of the accident, at about 6:55 a.m., at the village hall, he picked up the village-owned and maintained automobile he used for his village duties. He drove to and inspected a village retention pond, which was under the jurisdiction of the public works department. He then drove toward a village garage at 183rd Street and 80th Avenue, where he intended to talk with his superintendents and to Street Superintendent Philip Sears (Superintendent Sears). Powers traveled south on Harlem Avenue, and the accident involving plaintiff's vehicle occurred at 171st Street. Powers' vehicle struck plaintiff's car. On cross-examination, Powers asserted that the village vehicle he drove was assigned to the public works department and used by the mayor, trustees and superintendents. Powers always had a set of keys. Other facts relating to the accident and ensuing damages are unnecessary to our disposition and need not be recounted here.

The circuit court admitted into evidence plaintiff's notice which informed the village of its alleged liability due to Powers' conduct. The court decided that whether the notice was probative of Powers' conduct having been within the scope of his employment was a jury question.

Tinley Park Public Works Department head mechanic Charles Petrak testified that he oversees the maintenance of all public works

and police vehicles. In March of 1987, Powers had access to the village vehicle involved in the accident for which the village provided gas and maintenance.

Tinley Park Public Works Department Water and Sewer Superintendent Thomas E. Albright came upon the accident scene. He verified that Powers was driving a village-owned vehicle, which was usually parked at the village hall.

Superintendent Sears, in charge of retention ponds, testified that Powers would take notes for any jobs coming up or things needing repair and relate the notes to one of the superintendents. In the mornings, Sears and Powers would usually meet to talk about various public works department activities.

At the close of his evidence, Powers moved for a directed verdict as to his affirmative defense, urging that the evidence clearly showed he was acting within the scope of his employment at the time of the accident. The court reserved its ruling because plaintiff announced that she was going to provide further evidence regarding Powers' scope of employment.

During a jury instruction conference, plaintiff objected to the issue of scope of employment being presented to the jury and, accordingly, moved to strike Powers' affirmative defense. Powers responded that he had produced sufficient evidence to prove his affirmative defense and, therefore, the jury should be instructed to answer a special interrogatory asking whether he was acting within the scope of his employment. Powers added that the interrogatory would preserve the issue for possible appellate review.

The circuit court articulated the issue as whether Powers could invoke section 8—101's statute of limitations, with a subissue of whether Powers was an employee for the purposes of the limitation period. Holding that the issue was legal and not factual, the court found that the Act was not intended to provide immunity for personal actions of persons who are not directly involved in the performance of their municipal duties, finding that driving down the street or public highway was not in the direct performance of Powers' job. The court added that plaintiff had no way of knowing Powers was driving a government vehicle and that there was no governmental action. The collision was strictly an automobile accident on a public highway and not a governmental accident. Thereafter, the court struck the affirmative defense, refused to submit Powers' special interrogatory and withdrew from evidence the daily attendance record and employer's report of injury. Jury instructions regarding scope of employment were

refused over Powers' objection. The court cited *Currie* as support for its decision.

The jury was instructed that, as a matter of law, it will not consider the issue of whether Powers was acting as an employee. The jury was told to disregard any evidence on that issue, specifically testimony regarding the notice given to the village, the village attendance record and the employer's report of injury.

The jury found for plaintiff as previously noted.

## I

Powers contends that the court's reliance on *Currie* was misplaced and contrary to legislative and judicial intention.

In *Currie*, a motorist brought an action against an Illinois State trooper for personal injuries and property damage arising from an automobile collision. On appeal, the trooper urged that the circuit court lacked subject matter jurisdiction and that the common law doctrine of public official's immunity shielded him from personal liability. The appellate court disagreed and was affirmed by the supreme court. The trial record reveals that the court relied on *Currie* in support of its refusal to apply section 8—101's one-year statute of limitations. Plaintiff maintains this support arises from a definition of acting within the scope of employment which is allegedly articulated in *Currie*. We disagree.

*Currie* involves the application of statutory and common law immunity, which is not at issue here. Section 8—101, of which Powers seeks enforcement, while part of the Tort Immunity Act, does not prescribe immunity, but mandates that civil actions for injuries against a local entity or "any of its employees" be brought within one year from the date the injury was received or the cause of action accrued. Were this case about immunity, *Currie* would fully apply. Instead, the question presented is about a statute of limitations, which was neither at issue nor discussed in *Currie*. Plaintiff has cited no case, nor have we found any authority, which supports plaintiff's position here that section 8—101 is no longer viable. Section 8—101 does not purport to immunize Powers from liability. Rather, it limits the time within which an action against him can be brought. Unlike immunity provisions, section 8—101 does not create a shield from liability, nor does it control whether one can hold a person or entity liable. It is simply a limitation upon the time allowed for commencing an injury action. *Currie* and immunity principles are not material to the application of section 8—101.

■ Plaintiff maintains that her suit in this case purports to be only against Powers in his individual capacity. Nevertheless, section 9—102 of the Act provides that "[a] local public entity is empowered and *directed to pay* any tort judgment or settlement for compensatory damages for which it or an employee while acting within the scope of his employment is liable." (Emphasis added.) (Ill. Rev. Stat. 1991, ch. 85, par. 9—102.) (Section 9—102.) This statute "makes government entities liable for individual capacity claims when those claims are predicated on an employee's acts within the scope of his employment." (*Hall v. Sanchez* (N.D. Ill. 1989), 708 F. Supp. 922, 925 (and Illinois authority there cited).) The village here, being "directed" by statute to pay any tort judgment against its employees under such circumstances, is clearly exposed to potential liability for any ultimate judgment plaintiff may secure in this case.

■ The reasons underlying the requirement for timely action by claimants against local governmental entities and their employees were succinctly and forcefully set forth in *Saragusa v. City of Chicago* (1976), 63 Ill. 2d 288, 293, 348 N.E.2d 176, where our supreme court observed:

"The notice requirement of section 8—102 is to be read together with the limitations provision of section 8—101, which, at the time of the plaintiff's accident, required that suit be filed within one year (Ill. Rev. Stat. 1971, ch. 85, par. 8—101), as opposed to the two-year period of limitations which is generally applicable to actions for personal injuries (Ill. Rev. Stat. 1971, ch. 83, par. 15).

A common purpose of these two provisions, whose antecedents were first enacted in 1905 (Laws of 1905, at 111, secs. 1, 2), is to encourage early investigation into the claim asserted against the local government at a time when the matter is still fresh, witnesses are available, and conditions have not materially changed. (*Helle v. Brush* (1973), 53 Ill. 2d 405, 407-408; *Reynolds v. City of Tuscola* (1971), 48 Ill. 2d 339, 342; *King v. Johnson* (1970), 47 Ill. 2d 247, 250-51; *cf.* 56 Am. Jur. 2d *Municipal Corporations*, sec. 686 (1971).) Because a local government entity must anticipate that the number of claims made against it will far exceed those brought against a private individual, the provision of an abridged period of time within which a claim must be asserted is reasonable, and the constitutionality of section 8—101 and of section 8—102 has accordingly been upheld against the charge that they form an unconstitutional classification. *King v. Johnson* (1970), 47 Ill. 2d 247; *House-*

*wright v. City of LaHarpe* (1972), 51 Ill. 2d 357; *Fanio v. John W. Breslin Co.* (1972), 51 Ill. 2d 366."

The fact that plaintiff elected to abandon her action against the village does not alter the effect of her suit. A successful result could lead to the potential liability of the village, under section 9—102 of the Act, to pay the judgment, without having had the benefit of utilizing those objectives of the statute as outlined in *Saragusa* above. Had suit been brought in a timely fashion, the village would have been afforded the opportunities to investigate and prepare for its potential involvement through its employee, Powers. Plaintiff may not accomplish indirectly that which she is precluded from doing directly, if Powers was acting within the scope of his employment.

■ "Acting within the scope of his employment" in this context does not refer to sovereign immunity, as in *Currie*, but invokes the relationship of principal and agent, resulting in application of the traditional *respondeat superior* doctrine, and making the negligence of the employee imputable to his employer, here the village. See, *e.g., Pyne v. Witmer* (1989), 129 Ill. 2d 351, 359-60, 543 N.E.2d 1304; *Estate of Ahmed v. County of Cook* (1986), 146 Ill. App. 3d 719, 497 N.E.2d 346; *Zagar v. Health & Hospitals Governing Comm'n* (1980), 83 Ill. App. 3d 894, 404 N.E.2d 496; *Argento v. Village of Melrose Park* (7th Cir. 1988), 838 F.2d 1483.

Reliance by the circuit court upon *Currie* was misplaced; failure to apply section 8—101 was error, and must be reversed.

II

Powers maintains that the facts adduced at trial provide grounds for a verdict directed in favor of his affirmative defense and, therefore, we should remand this matter to the circuit court with instructions to enter judgment for Powers due to plaintiff's failure to comply with section 8—101.

At trial, unrebutted evidence was adduced supporting Powers' affirmative defense, particularly that he was acting within the scope of his employment at the time of the collision. Prior to the accident, Powers, who was on duty 24 hours per day, went to the village hall, picked up his assigned village vehicle, retrieved notes and a clipboard to use for village business, drove to inspect a village retention pond and proceeded in the village vehicle to a village garage for a meeting with a village superintendent to talk and give him notes regarding the retention pond. Plaintiff produced no evidence disputing any of these facts.

Powers moved for a directed verdict, urging that the evidence clearly showed he was acting within the scope of his employment at the

time of the collision. The court reserved ruling because plaintiff expected to provide further evidence regarding scope of employment. After striking Powers' affirmative defense, however, the court found the issue moot.

No evidence was received which demonstrated that Powers was not acting within the scope of his employment, from the standpoints of sections 8—101 and 9—102. This conclusion is strengthened by plaintiff's admission in her pleadings that the vehicle Powers operated was village owned. Further, a *prima facie* case of agency between Powers and the village was raised by proof that Powers was driving a village-owned vehicle. *Bell v. Reid* (1983), 118 Ill. App. 3d 310, 313, 454 N.E.2d 1117; see Illinois Pattern Jury Instructions, Civil, No. 50.08 (3d ed. 1992).

■ A directed verdict must be granted when the evidence, viewed in its aspect most favorable to the opponent, so overwhelmingly favors the movant that no contrary verdict based on that evidence could ever stand. (*Pedrick v. Peoria & Eastern R.R. Co.* (1967), 37 Ill. 2d 494, 510, 229 N.E.2d 504.) If reasonable minds may differ as to the inferences and conclusions to be drawn from the facts, however, it is improper to direct a verdict. (*Fakhoury v. Vapor Corp.* (1987), 154 Ill. App. 3d 531, 507 N.E.2d 50.) Here, the unrebutted evidence strongly supports a finding that Powers was acting within the scope of his employment, from the perspectives of sections 8—101 and 9—102. A contrary verdict could not stand, particularly in light of the absence of countervailing testimony or any suggestion by plaintiff of what such evidence might be.

The circuit court should have granted the motion for a directed verdict in Powers' favor at this juncture. Failure to have done so was error, and we are obligated to reverse and remand to the circuit court for entry of an order granting judgment for Powers on his affirmative defense that he was operating a village-owned vehicle within the scope of his employment at the time of the accident, and that plaintiff failed to bring her action within the applicable statute of limitations, section 8—101.

In light of our disposition of this appeal, we need not consider other issues raised by Powers.

For the reasons set forth above, the cause is reversed and remanded with instructions set forth above.

Reversed and remanded, with instructions.

DiVITO and McCORMICK, JJ., concur.