No. 2--05--1192                                                  filed 6/14/06

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| DENNIS F. SPERANDEO, | ) | Appeal from the Circuit Court |
| | ) | of Kane County. |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | No. 05--L--201 |
| | ) | |
| PHILLIP L. ZAVITZ, | ) | Honorable |
| | ) | Gene L. Nottolini, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE GILLERAN JOHNSON delivered the opinion of the court**:**

On May 3, 2003, the defendant, Phillip Zavitz, a Kane County animal control warden, was involved in a vehicle collision with the plaintiff, Dennis Sperandeo. At the time of the collision, the defendant was transporting a stray dog to an animal control facility in South Elgin. On April 15, 2005, the plaintiff filed suit against the defendant, in his individual capacity, for injuries the plaintiff suffered as a result of the collision. The defendant filed a motion to dismiss the plaintiff's complaint pursuant to section 2--619 of the Code of Civil Procedure (735 ILCS 5/2--619 (West 2004)), arguing that the plaintiff's action was barred by the one-year statute of limitations set forth in the Illinois Local Governmental and Governmental Employees Tort Immunity Act (Tort Immunity Act) (745 ILCS 10/8--101 (West 2004)). The trial court denied the defendant's motion to dismiss and the defendant's

subsequent motion to reconsider. On November 21, 2005, the trial court granted the defendant leave to file an interlocutory appeal pursuant to Supreme Court Rule 308 (155 Ill. 2d R. 308) to determine whether the statute of limitations in section 8--101 of the Tort Immunity Act or section 13--202 of the Code of Civil Procedure applies to the facts set forth in the record. On January 26, 2006, this court granted the defendant's application for leave to appeal.

Supreme Court Rule 308 provides in part:

"When the trial court, in making an interlocutory order not otherwise appealable, finds that the order involves a question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, the court shall so state in writing, identifying the question of law involved. *** The Appellate Court may thereupon in its discretion allow an appeal from the order." 155 Ill. 2d R. 308(a).

The scope of review in an interlocutory appeal under Rule 308 is ordinarily limited to the question certified by the trial court, which, because it must be a question of law, is reviewed de novo. Bauer v. Giannis, 359 Ill. App. 3d 897, 902 (2005). Generally, our jurisdiction is limited to considering the question certified and we cannot address issues outside that area. Hudkins v. Egan, 364 Ill. App. 3d 587 (2006). Except where interests of judicial economy and equity lie, we must simply answer the certified question without ruling on the propriety of any underlying order. P.J.'s Concrete Pumping Service, Inc. v. Nextel West Corp., 345 Ill. App. 3d 992, 998-99 (2004).

In answering the certified question in the instant appeal, we must determine which of two limitations periods governs the plaintiff's action. Section 13--202 provides a two-year statute of limitations for personal injuries. 735 ILCS 5/13--202 (West 2004). Section 8--101(a) of the Tort Immunity Act reduces this statute of limitations to one year for any such personal injuries that are caused by a local public entity or one of its employees acting within the scope of his or her employment. 745 ILCS 10/8--101(a) (West 2004).

In Herriott v. Powers, 236 Ill. App. 3d 151, 156 (1992), the Illinois Appellate Court, First District, considered the identical issue that we are confronted with herein. In Herriott, the defendant, an employee of the Village of Tinley Park, was driving a village-owned automobile between village work sites when he collided with the plaintiff's vehicle. The plaintiff sued the defendant in his individual capacity. At trial, the defendant moved for a directed verdict, arguing that he could not be held individually liable because the evidence demonstrated that he was acting within the scope of his employment when the accident occurred. The trial court rejected the defendant's argument, finding that the defendant's driving was not in the direct performance of his governmental duties. The jury ultimately found the defendant liable to the plaintiff for $10,275 in damages. Herriott, 236 Ill. App. 3d at 152-56.

On appeal, the reviewing court reversed the judgment against the defendant, holding that the plaintiff's action was barred by the statute of limitations set forth in the Tort Immunity Act. Herriott, 236 Ill. App. 3d at 157. Specifically, the reviewing court rejected the plaintiff's argument that she should be allowed to sue the defendant in his individual capacity. Herriott, 236 Ill. App. 3d at 157. The reviewing court explained that section 9--102 of the Tort Immunity Act provides that " '[a] local public entity is empowered and directed to

pay any tort judgment or settlement for compensatory damages for which it or an employee while acting within the scope of his employment is liable.' " (Emphasis omitted.) Herriott, 236 Ill. App. 3d at 156, quoting Ill. Rev. Stat. 1991, ch. 85, par. 9--102 (now 745 ILCS 10/9--102 (West 2004)). The reviewing court further explained that this statute was intended to " 'make[] government entities liable for individual capacity claims when those claims are predicated on an employee's acts within the scope of his employment.' " Herriott, 236 Ill. App. 3d at 156, quoting Hall v. Sanchez, 708 F. Supp. 922, 925 (N.D. Ill. 1989). The reviewing court thus determined that, pursuant to the Tort Immunity Act, a village would be "directed" to pay any tort judgment against its employee under such circumstances. Herriott, 236 Ill. App. 3d at 156. Consequently, any action against a local public employee in his individual capacity under such circumstances must be brought within the one-year statute of limitations in the Tort Immunity Act. Herriott, 236 Ill. App. 3d at 157. The reviewing court explained that to hold otherwise would defeat the purpose of the statute and allow a plaintiff to do indirectly what she was precluded from doing directly. Herriott, 236 Ill. App. 3d at 157.

We agree with the analysis set forth in Herriott that section 9--102 clearly requires a local public entity to pay any tort judgment or settlement for compensatory damages for which its employee acting within the scope of his employment is liable. Thus, in order for a plaintiff to recover against a county employee acting within the scope of his employment, the plaintiff must file suit within one year, even if he is seeking to recover against the county employee only in his individual capacity. Accordingly, we hold that the plaintiff's action is governed by the one-year statute of limitations set forth in section 8--101 of the Tort Immunity Act.

In so ruling, we find the plaintiff's reliance on Schear v. City of Highland Park, 104 Ill. App. 2d 285 (1968), to be misplaced.  In Schear, on July 1, 1965, the plaintiff was injured in an automobile accident with the defendant, James Shelton.  Shelton was driving a vehicle owned by the City of Highland Park at the time of the accident.  On May 5, 1967, the plaintiff filed a complaint against Shelton for negligence.  On June 16, 1967, the plaintiff filed an amended complaint, adding the City of Highland Park as a defendant.  On August 23, 1967, the defendants filed a joint motion to dismiss the complaint, arguing that the plaintiff's action was barred by the one-year statute of limitations contained in the Tort Immunity Act.  The trial court subsequently dismissed the plaintiff's complaint with prejudice.  Schear, 104 Ill. App. 2d at 286-87.

On appeal, this court affirmed the trial court's dismissal of the complaint against the City of Highland Park.  Schear, 104 Ill. App. 2d at 288-89.  However, this court reversed the dismissal of the complaint against Shelton.  Schear, 104 Ill. App. 2d at 289.  This court noted that, on August 13, 1965, after the accident had occurred, but before the plaintiff had filed his complaint, the legislature had enacted the Tort Immunity Act.  Schear, 104 Ill. App. 2d at 286. One of the provisions of the Tort Immunity Act provided that six months' notice must be given before suit could be commenced against a local public entity or against any of its employees acting within the scope of his employment.  Schear, 104 Ill. App. 2d at 288. The reviewing court determined that this provision should be considered as a substantive change, rather than a procedural one, because if the provision had been applied to the plaintiff's pending action, the plaintiff's action against Shelton would have been barred.  Schear, 104 Ill. App. 2d at 289.

In allowing the plaintiff's action against Shelton to go forward, the reviewing court additionally found that the one-year statute of limitations applied only to the action against the city and did not apply to Shelton, as to whom the limitations period would be the general two-year statute on actions for personal injury. Schear, 104 Ill. App. 2d at 288. In so finding, the reviewing court did not address the applicability of the provision of the Tort Immunity Act requiring a local public entity to pay any compensatory tort judgment against an employee who caused damages while in the scope of his employment.

We believe that the Schear court accurately set forth the status of the law in Illinois before the Tort Immunity Act was enacted on August 13, 1965. We also believe that the Schear court properly determined that the Tort Immunity Act should not be applied retroactively so as to bar the plaintiff's action against Shelton. That said, however, we do not believe that Schear has any bearing on the case before us. Unlike in Schear, there is no issue whether the Tort Immunity Act is applicable to the case at bar. Clearly, since the defendant herein collided with the plaintiff while the defendant was working in the scope of his employment as a county employee, the Tort Immunity Act applies. Furthermore, as explained above, pursuant to section 9--102 of the Tort Immunity Act, the defendant's employer is obligated to reimburse him for liabilities he incurred for damages he caused while acting within the scope of his employment. As such, we reject the plaintiff's argument that Schear controls the outcome of this case.

For the foregoing reasons, we answer the certified question to the effect that the statute of limitations contained in section 8--101 of the Tort Immunity Act governs the plaintiff's action.

Certified question answered.

BOWMAN and O'MALLEY, JJ., concur.