#25657-rev & rem-JKK

**2010 S.D. 96**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

* * * *

MICHELLE SALZER,                                    Plaintiff and Appellant,

v.

WILLIAM BARFF,                                      Defendant and Appellee.

* * * *

APPEAL FROM THE CIRCUIT COURT OF
THE FOURTH JUDICIAL CIRCUIT
MEADE COUNTY, SOUTH DAKOTA

* * * *

HONORABLE JOHN W. BASTIAN
Judge

* * * *

DAVID L. CLAGGETT                       Attorney for plaintiff
Spearfish, South Dakota                 and appellant.

THOMAS E. BRADY of
Brady & Pluimer, PC                     Attorneys for defendant
Spearfish, South Dakota                 and appellee.

* * * *

CONSIDERED ON BRIEFS
ON NOVEMBER 15, 2010

OPINION FILED **12/15/10**

KONENKAMP, Justice

[¶1.] In responding to an emergency call, a police officer ran a red light and struck plaintiff's vehicle. Plaintiff brought suit against the officer for negligence. Granting summary judgment for the officer, the circuit court ruled that the limitation period expired under SDCL 9-24-5, which requires a negligence action against a "municipality" to be brought within two years. The court concluded that although the statute makes no mention of municipal employees, the term "municipality" includes employees. Because the plain language of the limitations statute does not include employees within its purview, we reverse and remand.

## Background

[¶2.] This case was decided on summary judgment, and therefore, we view the facts in a light most favorable to Plaintiff Michelle Salzer, the non-moving party. On July 30, 2006, Salzer was traveling west on Lazelle Street in Sturgis, South Dakota. William Barff, a Sturgis police officer, was driving his police vehicle, responding to an emergency grass fire call. His siren was not activated. Barff drove through a red light and struck Salzer's vehicle. She was injured as a result.

[¶3.] Almost three years later, on July 28, 2009, Salzer brought suit against the City of Sturgis and Barff. The city was later dismissed by stipulation. Barff moved for summary judgment arguing that Salzer's suit against him was untimely under SDCL 9-24-5. This statute requires that "[a]ny action for recovery of damages for personal injury or death caused by the negligence of a municipality" be commenced within two years. *Id.* Although Salzer's claim was against Barff personally, he argued that SDCL 9-24-5 applied because a municipality can only act

through its employees. Salzer, on the other hand, contended that unlike cases in which a municipality, albeit through its employees, is negligent, her action against Barff is unrelated to his municipal employee status. She maintained that under SDCL 15-2-14(3), she had three years to bring a claim for personal injury against Barff. The circuit court granted summary judgment to Barff, holding that Salzer's claim was subject to the limitation period in SDCL 9-24-5. On appeal, we review questions of statutory construction de novo. *Perdue, Inc. v. Rounds,* 2010 S.D. 38, ¶ 7 n.2, 782 N.W.2d 375, 377 n.2 (citations omitted).

## Analysis and Decision

[¶4.] Relying on our rules of statutory construction, Salzer maintains that SDCL 9-24-5 is clear and unambiguous: giving the words their plain meaning and effect, "municipality" does not include municipal employees. Barff, on the other hand, avers that if SDCL 9-24-5 is to have any effect, it must encompass municipal employees, "as every claim for personal injury or property damage has to be based on the allegedly negligent act or omission of one or more individuals."

[¶5.] When the language of a statute is clear and unambiguous, our interpretation is confined to declaring the meaning as plainly expressed. *Perdue,* 2010 S.D. 38, ¶ 7 n.2, 782 N.W.2d at 377 n.2 (citations omitted). "The legislative intent is determined from what the [L]egislature said, rather than from what we or others think it should have said." *Petition of Famous Brands, Inc.,* 347 N.W.2d 882, 885 (S.D. 1984) (citation omitted). We have no cause to invoke the canons of construction where the language of a statute is clear. *Id.*

[¶6.]     Here, SDCL 9-24-5 provides:

> Any action for recovery of damages for personal injury or death caused by the *negligence of a municipality* must be commenced within two years from the occurrence of the accident causing the injury or death.

(Emphasis added.)  The Legislature defines "municipality" as "all cities and towns organized under the laws of this state[.]"  SDCL 9-1-1(6) (defining words used in Title 9).  On the face of the statute, the words are plain:  an action against a city or town for negligence must be commenced within two years.  There appears to be no ambiguity.  In cases of doubt over the meaning of a statute, we have said that "the cardinal purpose of statutory construction — ascertaining legislative intent — ought not be limited to simply reading a statute's bare language" and in some cases a literal interpretation of a statute can lead to an absurd and unreasonable conclusion.  *State v. Davis*, 1999 S.D. 98, ¶ 7, 598 N.W.2d 535, 537 (citation omitted).  Even if we thought SDCL 9-24-5 was unclear, an examination of other related enactments only confirms our Legislature's declared intent.

[¶7.]     In 1986, the Legislature repealed four of the six statutes in SDCL Chapter 9-24.  *See* 1986 S.D. Sess. Laws ch. 4, § 8.  The repealed statutes dealt with certain notice requirements for actions against municipalities.  In the same legislative session, SDCL Chapter 3-21 was enacted.  *See* 1986 S.D. Sess. Laws ch. 4, § 2.  That chapter relates to the same notice requirements of SDCL 9-24-2 through SDCL 9-24-4.  Yet SDCL Chapter 3-21 is broader.  It applies to any "public

entity" and specifically includes employees of those public entities.\* SDCL 3-21-2. Nonetheless, SDCL 9-24-5 was not amended to include municipal employees.

[¶8.]      Considering this legislative history, especially the inclusion of employees with public entities in SDCL Chapter 3-21, and the omission of employees with municipalities in SDCL Chapter 9-24, interpreting "municipality" in SDCL 9-24-5 to exclude municipal employees within its purview is not an unreasonable conclusion. The reasonableness of this conclusion is supported by the fact that two appellate courts, faced with interpreting similar statutory language, decided the same way. *See Schear v. City of Highland Park*, 244 N.E.2d 72 (Ill. Ct. App. 1968) (interpreting now-repealed 85 Ill. Rev. Stat. § 8-101 (1965)); *Bosteder v. City of Renton*, 117 P.3d 316 (Wash. 2005) (interpreting now-amended RCWA 4.96.020).

[¶9.]      Before 1986, Illinois applied, among other things, a general statute of limitations to claims against government employees in their individual capacities because the Illinois Tort Immunity Act limited actions only "against a local entity[.]" *See Racich v. Anderson*, 608 N.E.2d 972, 974 (Ill. Ct. App. 1993). Section

---

\*      SDCL 3-21-2 provides:

> No action for the recovery of damages for personal injury, property damage, error, or omission or death caused by *a public entity or its employees* may be maintained against the public entity or its employees unless written notice of the time, place, and cause of the injury is given to the public entity as provided by this chapter within one hundred eighty days after the injury. Nothing in this chapter tolls or extends any applicable limitation on the time for commencing an action.

(Emphasis added.)

8-101, however, was amended in 1986, adding "or any of its employees" and changing the statute of limitations from two years to one year. *Id.* After its amendment, the statute was interpreted to preclude actions against government employees in their individual capacities unless brought within the one-year statute of limitations. *Id.*; *Herriott v. Powers*, 603 N.E.2d 654, 657 (Ill. Ct. App. 1992); *see also Sperandeo v. Zavitz*, 850 N.E.2d 394 (Ill. Ct. App. 2006).

[¶10.] In Washington, former Washington Revised Code section 4.96.020 did not specifically include employees, and therefore, the Washington Supreme Court ruled that the statute did not apply to claims against individual government employees. *See Wright v. Terrell*, 170 P.3d 570, 571 (Wash. 2007); *Bosteder v. City of Renton*, 117 P.3d 316, 335-36 (Wash. 2005) (Sanders, J., writing for the majority). Afterwards, however, Washington amended RCWA 4.96.020 "to apply to claims for damages against all local governmental entities and their officers, employees, or volunteers, acting in such capacity[.]" *See* RCWA 4.96.020(1) (2006).

[¶11.] A review of other cases addressing claims against employees in their individual capacities reveals that many jurisdictions, if not the majority, specifically include government employees in the limitations periods applicable to government entities. *See* Ariz. Rev. Stat. Ann. § 12-821; West. Ann. Cal. Gov. Code § 950.6(b); Fla. Stat. § 768.28; Idaho Code Ann. § 6-911; 745 ILCS 10/8-101 (Illinois); Iowa Code § 669.2-669.13; 14 Me. Rev. Stat. § 8110; Miss. Code Ann. § 11-46-11(1); Neb. Rev. Stat. § 81-8,210(4); N.Y. Gen. Mun. Law § 50; N.D. Cent. Code § 32-12.1-04; Or. Rev. Stat. § 30.275(9) (notice statute); Rev. Code. Wash. Ann. § 4.96.020; Wyo. Stat. Ann. § 1-39-114. Unlike these other states, South Dakota chose not to include

employees within SDCL 9-24-5. Nor was the term "municipality" defined in Title 9 to include municipal employees. And it did not amend SDCL 9-24-5 when it specifically included employees along with public entities in enacting SDCL Chapter 3-21.

[¶12.]     Our task is limited to deciding whether Salzer's suit against Barff is controlled by SDCL 9-24-5. After the city was dismissed, all that remained was a suit alleging Barff's failure to obey the rules of the road, a duty one automobile driver owes to another. Under the plain language of the statute, the mere fact that Barff's allegedly negligent acts occurred during the scope of his employment does not include him within the term "municipality" in SDCL 9-24-5. We have often said that it is beyond our role to supply omitted language to "avoid or produce a particular result." *Matter of Sales Tax Refund Applications of Black Hills Power and Light Co.,* 298 N.W.2d 799, 802 (S.D. 1980); *see also Stover v. Critchfield*, 510 N.W.2d 681, 686 (S.D. 1994). Today, we adhere to that principle.

[¶13.]     Reversed and remanded.

[¶14.]     GILBERTSON, Chief Justice, and ZINTER, MEIERHENRY and SEVERSON, Justices, concur.