2022 IL App (1st) 210562-U
No. 1-21-0562
Order filed October 24, 2022

First Division

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| KAREN WHITE, SHARON GARDNER, and NATALIE DAVIS, | ) ) ) | Appeal from the Circuit Court of Cook County. |
| Plaintiffs-Appellants, | ) ) | |
| v. | ) ) | No. 20 L 13658 |
| MARINA JURASSI-PAOCIC and THE CITY OF CHICAGO, | ) ) ) | Honorable Gerald V. Cleary, |
| Defendants-Appellees. | ) ) | Judge, presiding. |

_____

JUSTICE HYMAN delivered the judgment of the court.
Presiding Justice Lavin and Justice Coghlan concurred in the judgment.

**ORDER**

¶ 1    *Held*: Trial court neither erred in dismissing complaint against City and its employee filed more than a year after cause of action accrued nor abused its discretion in denying plaintiffs' request to amend their complaint.

¶ 2    A car driven by Marina Jurassi-Paocic, a Chicago police officer, stuck the car in which plaintiffs Karen White, Sharon Gardner, and Natalie Davis were riding, injuring them. Fourteen months later, plaintiffs filed a complaint for damages against Jurassi-Paocic and her employer, the City of Chicago. The City moved to dismiss the complaint under 2-619(a)(5) of the Code of Civil Procedure (735 ILCS 5/2-619(a)(5) (West 2020), arguing the one-year statute

of limitations in section 8-101(a) of the Local Government and Governmental Employees Tort Immunity Act ("Tort Immunity Act" or "Act") (745 ILCS 10/8-101(a) (West 2020)) applied and barred the lawsuit. In response, plaintiffs argued the one-year statute of limitations was misplaced because Jurassi-Paocic was not acting within the scope of her employment when the accident occurred and asked for leave to file an amended complaint to proceed against Jurassi-Paocic alone.

¶ 3        The trial court, applying section 8-101(a) of the Act, granted the motion to dismiss with prejudice finding the complaint untimely. The court also denied plaintiffs' request for leave to amend because the proposed amended complaint could not cure the fact that plaintiffs conceded Jurassi-Paocic was acting in the scope of her employment.

¶ 4        Plaintiffs contend the trial court erred in (i) finding section 8-101 of the Act barred their claims; and (ii) denying their request to amend the complaint. We agree with the trial court's ruling on both issues.

¶ 5                                     Background

¶ 6        Plaintiffs allege that on October 26, 2019, White was driving with Gardner and Davis as passengers when a Chicago police officer, Jurassi-Paocic, rear-ended them. Nearly 14 months later, plaintiffs filed a complaint seeking damages for negligence and naming Jurassi-Paocic and the City as defendants. Plaintiffs acknowledged that the City employed Jurassi-Paocic, who was driving a City-owned car and acting on behalf of the City when the accident occurred.

¶ 7        The City moved to dismiss under section 2-619(a)(5) of the Code (735 ILCS 5/2-619(a)(5) (West 2020)), arguing the one-year statute of limitations in section 8-101(a) of the Tort Immunity Act barred plaintiffs' claims. Plaintiffs responded that section 8-101(a) applies only to employees acting within the scope of their employment and, under section 2-202 of the Tort

Immunity Act, a police officer acts within the scope of employment and has immunity when engaged in the execution or enforcement of the law. Plaintiffs asserted that based on available information, Jurassi-Paocic was not so engaged at the time of the accident, and, thus, the trial court should have used the two-year statute of limitation for negligence claims under section 13-202 of the Code (735 ILCS 5/13-202 (West 2020)). They also sought leave to amend their complaint to proceed against Jurassi-Paocic individually.

¶ 8    The trial court dismissed the complaint with prejudice. The trial court rejected plaintiffs' argument stating, "The plain and unambiguous language of 8-101 does not require the alleged conduct to be covered under another provision under the Tort Immunity Act for the one-year limitation period to apply." In addition, "the plaintiffs allege they were injured from the conduct of a City employee in the scope of her employment. As such, the complaint falls within the scope of 8-101."

¶ 9    The trial court also denied leave to file the amended complaint because it failed to allege facts to cure the defect. Specifically, when the accident occurred, "Jurassi-Paocic was not in the course and scope of her employment for the City as a Chicago police officer."

¶ 10                                    Analysis

¶ 11                              Standard of Review

¶ 12    A motion for involuntary dismissal under section 2-619 of the Code admits the legal sufficiency of the complaint and all well-pled facts but asserts affirmative matter that defeats the cause of action, *Kean v. Wal-Mart Stores, Inc.*, 235 Ill. 2d 351, 361 (2009). Under 2-619(a)(5), a complaint will be dismissed when not filed within the time required by law. *Griffin v. Willoughby*, 369 Ill. App. 3d 405, 410 (2006). We review the trial court's ruling on a motion to dismiss *de novo*. *Lutkauskas v. Ricker*, 2015 IL 117090, ¶ 29. And we review the decision

to dismiss with prejudice for an abuse of discretion. *Bruss v. Przybylo*, 385 Ill. App. 3d 399, 405 (2008). A complaint should be dismissed with prejudice whenever it is apparent the plaintiff can prove no set of facts that entitle recovery. *Id.* "Where a claim can be stated, the trial court abuses its discretion if it dismisses the complaint with prejudice and refuses the plaintiff further opportunities to plead. [Citation.]" *Id.*

¶ 13                                    Statute of Limitations

¶ 14        Section 8-101 of the Tort Immunity Act provides "[n]o civil action * * * may be commenced * * * against a local entity or any of its employees for any injury unless it is commenced within one-year from the date that the injury was received or the cause of action accrued." 745 ILCS 10/8-101(a) (West 2020). The purpose of the limitation period "is to encourage early investigation into a claim * * * when the matter is still fresh, witnesses are available, and conditions have not materially changed." *Ferguson v. McKenzie*, 202 Ill. 2d 304, 313 (2001).

¶ 15        Section 2-202 of the Act, addressing sovereign immunity, provides, "A public employee is not liable for his act or omission in the execution or enforcement of any law unless such act or omission constitutes willful and wanton conduct." 745 ILCS 10/2-202 (West 2020).

¶ 16        Plaintiffs contend the trial court erred in dismissing their complaint with prejudice because section 8-101's one-year statute of limitations does not apply to a public employee acting outside the scope of employment, and a police officer acts within the scope of employment only if executing or enforcing a law. See *Carter v. DuPage County Sheriff*, 304 Ill App. 3d 1263, 1268 (1999). Plaintiffs primarily rely on *Currie v. Lao*, 148 Ill. 2d 151, 159 (1992).

¶ 17        In *Currie*, the plaintiff was injured when his car was struck by a vehicle driven by a state trooper, Lao, who was responding to a call in a nearby town. At trial, Lao relied on the doctrine

of sovereign immunity as a defense. *Id.* at 155. The trial court entered judgment against Lao and the appellate court affirmed, finding that neither sovereign immunity nor public officials' immunity barred plaintiff's action. *Id.* at 157. The Illinois Supreme Court reversed. The court noted that claims based on a state employee's negligent operation of a car are generally outside the doctrine of sovereign immunity because negligence that arises from their ordinary operation depends on the breach of duties every driver owes to every other driver. *Id.* at 160. The court concluded Lao "was not performing a uniquely governmental function" at the time of the collision because it was not within his "normal and official" role as a state trooper to respond to police calls in a nearby jurisdiction. *Id*. at 162. Thus, the sovereign immunity doctrine did not protect him because he had allegedly breached a duty that "arose as a result of his status as the driver of an automobile on a public roadway." *Id.* at 161-62.

¶ 18        Plaintiffs contend that, as in *Currie*, if Jurassi-Paocic was not performing a uniquely government function or acting within her normal role as a police officer, that is, executing or enforcing a law when the accident occurred, they can pursue claims against her individually. But, in invoking a sovereign immunity defense focusing on Jurassi-Paocic's duties and conduct presents a separate and distinct issue from the issue before the trial court: Whether their claims are time barred. See *Racich v. Anderson*, 241 Ill. App. 3d 336 (1993) (rejecting plaintiff's argument that public policy reasons for sovereign immunity as expressed in *Currie* apply to limit scope of section 8-101).

¶ 19        Plaintiffs also rely on *Schear v. City of Highland Park*, 104 Ill. App. 2d 285 (1968), a case inapplicable because, at the time, section 8-101's one-year statute of limitations applied only to local public entities. Not until 1986 did the legislature amend the Act to include "a local entity *or any of its employees*." Plaintiffs cite no post-1986 cases and, we found none, holding

that a complaint against a local entity or its employees can be filed more than one-year after the cause of action accrued.

¶ 20    Plaintiffs filed two months after the expiration of section 8-101(a)'s one-year statute of limitations, so the trial court properly granted the motion to dismiss under section 2-619(a)(5).

¶ 21                                   Denial of Request to Amend

¶ 22    Alternatively, plaintiffs contend they should have been allowed to amend their complaint to proceed against Jurassi-Paocic alone.

¶ 23    Generally, courts liberally grant leave to amend and dismiss when it appears that the plaintiff cannot recover under any set of facts. *Sheffler v. Commonwealth Edison Co.*, 399 Ill. App. 3d 51, 74 (2010). But a plaintiff does not have an absolute and unlimited right to amend. *Hayes Mechanical, Inc. v. First Industries, L.P.*, 351 Ill. App. 3d 1, 6 (2004). The decision to deny leave to amend rests in the trial court's sound discretion, and unless the trial court abused that discretion, we will affirm. *Sheffler*, 399 Ill. App. 3d at 74.

¶ 24    In determining abuse of discretion, we consider the four *Loyola Academy* factors: " '(1) whether the proposed amendment would cure the defective pleading; (2) whether other parties would sustain prejudice or surprise by virtue of the proposed amendment; (3) whether the proposed amendment is timely; and (4) whether previous opportunities to amend the pleading could be identified.' " *Hayes Mechanical, Inc., L.P.,* 351 Ill. App. 3d at 7 (quoting *Loyola Academy v. S & S Roof Maintenance, Inc.*, 146 Ill. 2d 263, 273 (1992)). The proposed amendment must meet all four factors. *Sheffler*, 399 Ill. App. 3d at 74. Where the proposed amendment does not state a cognizable claim, that is, fails to satisfy the first factor, we need not consider the remaining factors. *Hayes Mechanical, Inc., L.P.*, 351 Ill. App. 3d at 7.

¶ 25 Plaintiffs contend the amended complaint would cure the defective pleading because it would be "directed against Defendant Jurassi-Paocic as a driver using a public roadway, not as an agent, employee, servant or representative of the Defendant City." As a result, by alleging that Jurassi-Paocic negligently operated the car, the two-year statute of limitations for negligence complaints would apply.

¶ 26 In response, defendants contend that the initial complaint acknowledged Jurrasi-Paocic was a Chicago police officer acting within the scope of her employment for the City, which constitutes a judicial admission binding on the party making it. *Knauerhaze v. Nelson*, 361 Ill. App. 3d 538, 557 (2005). Judicial admissions " 'are formal concessions in the pleadings in the case or stipulations by a party or its counsel that have the effect of withdrawing a fact from issue and dispensing wholly with the need for proof of the fact.' " *Id.* at 557-58 (quoting 2 John W. Strong, McCormick on Evidence § 254, at 142 (4th ed. 1992)); see also *Lawlor v. North American Corp. of Illinois*, 409 Ill. App. 3d 149, 163 (2011).

¶ 27 At oral argument, plaintiffs' attorney argued that the allegation does not constitute a judicial admission for purposes of an amended complaint. See *Knauerhaze* 361 Ill. App. 3d 538, 558 (once pleading amended, admission made in *unverified* original pleading can only be used as evidentiary admission and not as judicial admission). But, since plaintiffs' briefs fail to even mention this argument, it has been waived, and we do not consider it on appeal. Illinois Supreme Court Rule 341(h)(7) (eff. Oct 1, 2020) ("[p]oints not argued are waived and shall not be raised in the reply brief, in oral argument, or in a petition for rehearing.")

¶ 28 The trial court acted within its discretion in denying leave to file the amended complaint.

¶ 29 Affirmed.